ROSHAN D. SHAH, ESQ.
**SHAH LAW GROUP, LLC**
**ATTORNEYS AT LAW**
1040 Broad Street, Suite 304
Shrewsbury, NJ 07702
Telephone: (732) 398-6545
Facsimile: (732) 576-0027
*Attorneys for Defendants Borough of Palisades Park, George Beck, Stephanie Jang and Michael Gardner*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| MICHAEL DEBARTOLO,<br><br>Plaintiff,<br><br>v.<br><br>BOROUGH OF PALISADES PARK, et al.,<br><br>Defendants. | Civil Action No.:<br><br><br>CIVIL ACTION<br><br>**NOTICE OF REMOVAL** |

Defendants Borough of Palisades Park, George Beck, Stephanie Jang and Michael Gardner (collectively, the "Palisades Park Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby remove this action, which has been pending in the Bergen County Superior Court as Docket No. BER-L-8716-25, to the United States District Court for the District of New Jersey. As grounds for removal, the Palisades Park Defendants state the following:

1.    <u>Complaint</u>: Plaintiff Michael DeBartolo alleges that the Borough of Palisades Park retaliated against him for participating in a criminal investigation concerning Mayor Paul Kim. *Comp.*, ¶¶ 10-28, attached as Exhibit A. DeBartolo alleges that, as a result, an internal affairs complaint was made against him, he was denied a

promotion, and he was unlawfully transferred from the Detective Division to the Patrol Division. *Id*. DeBartolo has asserted claims under the Conscientious Employee Protection Act (CEPA), N.J.S.A. § 34:19-1, *et seq*., and also for violation of his "First Amended (sic) rights of speech and association." *Id*. at Counts I thru III. He has named as defendants the Palisades Park Defendants, along with Mayor Kim.

2.      Basis for Jurisdiction in this Court: The basis for jurisdiction in this Court is federal question jurisdiction pursuant to 28 U.S.C. § 1331. DeBartolo has asserted a First Amendment claim. *Id*. at Count III.

3.      Timeliness of Removal: The Palisades Park Defendants acknowledged service on January 12, 2026. Accordingly, this Notice of Removal is timely filed within the thirty days allotted for removal by 28 U.S.C. § 1446(b).

4.      Pleadings and Process: Pursuant to 28 U.S.C. § 1446(a), and the Local Rules, a copy of all process, pleadings, orders, and other documents with which the Palisades Park Defendants were served, and a copy of all documents filed in Bergen County Superior Court, are attached as Exhibit B.

5.      Notice Given: Palisades Park Defendants will give written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), and will file a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, in Bergen County, as required by 28 U.S.C. § 1446(d).

6.      Consent to Removal: Mayor Kim has consented to removal. See Consent to Removal attached as Exhibit C.

WHEREFORE, the Palisades Park Defendants respectfully request that this case be removed from the Superior Court of New Jersey, Law Division, Bergen County, New

Jersey; that this Court exercise jurisdiction over this matter; and that this Court grant any and all other appropriate relief.

Respectfully submitted,

**SHAH LAW GROUP, LLC**
*Attorneys for Defendants Borough of Palisades Park, George Beck, Stephanie Jang and Michael Gardner*

By: /s/ Roshan D. Shah
Dated: February 11, 2026        ROSHAN D. SHAH, ESQ.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on February 11, 2026, the foregoing was filed with the United States District Court for the District of New Jersey, and served upon all counsel of record, via the Court's CM/ECF filing system and regular mail.

Dated: February 11, 2026                    /s/Roshan D. Shah
                                            Roshan D. Shah, Esq.

# EXHIBIT A

Richard Malagiere (Attorney ID: 037951996)
Leonard E. Seaman (Attorney ID: 35021990)
THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
Tel: (201) 440-0675
Attorneys for Plaintiff, Michael DeBartolo

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY
DOCKET NO.:

**MICHAEL DEBARTOLO**

*Plaintiff,*

v.

**BOROUGH OF PALISADES PARK, CHONG PAUL KIM, GEORGE BECK, STEPHANIE JANG and MICHAEL GARDNER**

*Defendants*

**CIVIL ACTION**

**COMPLAINT, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATION**

Plaintiff, Michael DeBartolo, an individual residing at 6 Fairhaven Drive Hillsdale, New Jersey 07642 by way of complaint against defendants, Borough of Palisades Park, Chong Paul Kim, George Beck, Stephanie Jang and Michael Gardner, says:


EXHIBIT
A

## **PARTIES**

1.      Plaintiff is a retired police office with 25 years of service to the Borough of Palisades Park and retired on August 1, 2025 at the rank of patrol officer.

2.      Defendant, Borough of Palisades Park, ("Palisades Park" to the "Borough") is a municipal corporation of the State of New Jersey, located within the State of New Jersey and County of Bergen having its seat of government and principal place of business located at 275 Broad Avenue Palisade Park, New Jersey.

3.      Defendant, Chong Paul Kim ("Paul Kim"), is currently the Mayor of Palisades Park.

4.      Defendant, George Beck ("Beck"), was the Internal Affairs officer at the Palisades Park police department in or around 2024 and is currently the Chief of Police.

5.      Michael Gardner ("Gardner") is the Police Director for the Borough of Palisades Park.

6.      Stephanie Jang ("Jang") was a councilwoman in the Borough of Palisades Park.

## FACTS

7.     Plaintiff began his employment with the Borough on or about December of 2000.

8.     Plaintiff served as the PBA Local 45 Delegate from 2019 until his retirement in August of 2025.

9.      In or about January of 2023, Plaintiff was assigned to an out-of-title administrative position and served in that role for approximately two (2) years.

10.    On or about February 22, 2024, Plaintiff was ordered to appear at the Bergen County Prosecutor's Office and at that time was informed that he was a witness in an internal investigation of Palisades Park Mayor defendant Paul Kim.

11.    Plaintiff immediately informed Chief Espino of the direction of the BCPO to appear for in interview regarding Mayor Paul Kim.

12.    Plaintiff submitted to an interview by the BCPO and executed a statement on or about February 22, 2024.

13.    An announcement for promotion for sergeant came out on September 24, 2024 to fill six (6) open spots.

14.    At the time the announcement for promotion for sergeant came out, Palisades Park police director Michael Gardner engaged Plaintiff in

conversation at the second-floor office where Plaintiff was working out of title in an administrative position.

15.   That conversation turned to sergeant promotions and Plaintiff informed Gardner that he would file a lawsuit if not promoted because he felt he was the most qualified for the promotion being the most senior patrol officer in the Borough police department and because he was already effectively working in a "sergeant's role" administrative position since January of 2023.

16.   On or about November 14, 2024, Plaintiff interviewed with police director Gardner, then-captain Beck, captain James Rotondo, councilman Suk Min and councilwoman Jang.

17.   Ten (10) Palisades Park Police Officers applied for promotion to sergeant including Plaintiff.

18.   On or about December 19, 2024, Plaintiff was served with an internal affairs complaint by the Palisades Park Police Department for alleged "administrative misconduct (sick leave abuse, truthfulness, standards of conduct, neglect of duty, performance of duty)."

19.   The internal affairs complaint was sworn to by then Captain George Beck and was pretextual in that it was issued as retaliation for the Plaintiff's participation and testimony in the Bergen County Prosecutors investigation of Palisades Park mayor Paul Kim.

20.   Further and more specifically, the internal affairs complaint was intended and designed to tarnish the Plaintiff and ensure he would not be elevated to the rank of sergeant.

21.   On or about December 30, 2024, four (4) candidates were on the agenda for promotion to Sargent and Plaintiff was not one of the candidates even though Plaintiff was senior to all four (4) candidate officers and had worked two years in an administrative post – reserved for the rank of sergeant or above.

22.   In or about January 15, 2025, Sargent Christoper Scilingo replaced Plaintiff in the administrative position Plaintiff held since January of 2023.

23.   On or about February 2025, Plaintiff was re-assigned from the administrative position he had held for about two (2) years to detective division

24.   The BCPO superseded the internal investigation regarding Plaintiff and issued a finding that the allegations did not rise to the level of an internal affairs investigation in or about March of 2025.

25.   In or around March/April 2025, Beck was promoted to Officer in Charge of the Palisades Park Police Department.

26.   Thereafter, Plaintiff was removed from detective division to patrol division while allowing two junior officers to remain in detective division.

27.   In patrol division, Plaintiff was assigned to a position subordinate to junior officers.

28.     On or about March 4, 2025, Plaintiff's attorneys served Defendant Borough of Palisades Park with Notice of Tort Claim. See Exhibit A attached hereto.

29.     Plaintiff retired from the Paisade Park police department in August of 2025 as a patrol officer.

## COUNT ONE
## RETALIATION IN VIOLATION OF THE NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT

30.     Plaintiff repeats the allegations of the prior paragraphs as if set forth herein.

31.     During plaintiff's employment with the Borough, plaintiff was required to participate in an investigation of defendant Paul Kim by the Bergen County Prosecutor's Office regarding Paul Kim's full-time employment with the Bergen County Housing Authority and in fact did so and gave a statement.

32.     Plaintiff informed the then-chief of police of the Borough about his ordered participation in the Bergen County Prosecutor's Office investigation.

33.     As a direct and proximate result of Plaintiff's participation in the BCPO investigation of defendant mayor Paul Kim, the defendants orchestrated and arranged for a pretextual internal affairs investigation to be initiated and pending while the Plaintiff was under consideration for a promotion to sergeant.

34.     The defendants orchestrated and arranged for the pretextual internal affairs investigation in order to create the appearance of a "legitimate basis" to pass over the Plaintiff for a promotion even though he was the most senior and the most qualified of the applicant pool.

35.     The Borough, Paul Kim, Beck, Gardner and Jang violated the New Jersey Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14.

36.     Plaintiff sustained and will continue to sustain economic losses as a result of defendants' unlawful conduct, including but not limited to, lost compensation and lost pension benefits.

37.     As a result of defendants' unlawful conduct, plaintiff has suffered and will continue to suffer emotional distress, anxiety, pain and suffering, humiliation, career, family and social disruption and other grievous harm, including aggravation of serious, pre-existing medical conditions.

38.     The decision to create the pre-text to support the reason to pass over the Plaintiff for a promotion and to then give agency to this reason by in fact passing over the Plaintiff for a promotion was especially egregious and made by defendants with malice and/or willful indifference.

39.     Defendants' actions were meant to cause or caused in a gross or reckless manner egregious and unjustified harm to Plaintiff.

40.    Upper management at the Borough, including but not limited to Paul Kim, Beck, Gardner and Jang either approved or acted with willful indifference or reckless disregard to the unlawful actions against Plaintiff, so as to warrant punitive damages against the defendants.

41.    Since the Plaintiff retired from the Borough police department in August of 2025 as a patrol officer, his pension is calculated on a lower annual salary than it should have been if Plaintiff had been promoted to sergeant as he should have been and sustained economic losses therefrom.

WHEREFORE, Plaintiff respectfully requests the Court to enter a judgment the Borough of Palisades Park, Chong Paul Kim, George Beck, Michael Gardner and Stephanie Jang: (a) awarding plaintiff economic damages, including but not limited to, back pay, front pay, bonuses and all other compensation and benefits to which plaintiff entitled; (b) awarding plaintiff damages for all other compensatory damages, including economic loss, physical and emotional distress, anxiety, humiliation, emotional harm, pain and suffering, career, family and social disruption and other grievous harm; (c) awarding plaintiff punitive damages; (d) awarding plaintiff attorney's fees, costs and disbursements; (e) awarding plaintiff pre and post judgment interest; and (f) awarding plaintiff such other relief as the Court deems equitable and just.

## COUNT TWO
## RETALITION IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT – PROTECTED SPEECH

42.　　Plaintiff repeats the allegations of the prior paragraphs as if set forth herein.

43.　　Plaintiff's actions as a PBA delegate and submitting to and giving a witness interview to the Bergen County Prosecutor's Office in connection with a confidential investigation into defendant Paul Kim was speech, or expression on a matter of public concern.

44.　　Plaintiff's speech interest on these matters of public concern outweighs the Borough's interest in effective government operations.

45.　　The Plaintiff suffered an adverse employment action through the actions of the defendants.

46.　　Plaintiff's speech, expression, and/or association was a substantial motivating factor in the adverse employment action

47.　　Through the defendants' actions, Plaintiff suffered retaliation for his exercise of this speech in that he was subjected to a pretextual internal affairs investigation in order to orchestrate a basis to reject his application for a promotion to sergeant notwithstanding his superior credentials and longevity for the position of sergeant.

48.　　Defendants' actions were taken to retaliate against plaintiff for his

9

expression of opinions and factual recitation  as a private citizen. The retaliatory acts by defendants were proximately caused by plaintiff's constitutionally protected acts.

49.     The retaliatory actions of defendants were sufficient to deter a person of ordinary firmness from exercising their constitutional rights.

50.     Defendants' actions were taken under color of a statute, ordinance, regulation, custom, or usage, of the State of New Jersey and/or the Borough of Palisades Park.

51.     As a direct and proximate result of defendants' unreasonable and unlawful actions, plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

52.     Plaintiff has been damaged thereby.

WHEREFORE, Plaintiff respectfully requests the Court to enter a judgment the Borough of Palisades Park, Chong Paul Kim, George Beck, Michael Gardner and Stephanie Jang: (a) awarding plaintiff economic damages, including but not limited to, back pay, front pay, bonuses and all other compensation and benefits to which plaintiff entitled; (b) awarding plaintiff damages for all other compensatory damages, including economic loss, physical

and emotional distress, anxiety, humiliation, emotional harm, pain and suffering, career, family and social disruption and other grievous harm; (c) awarding plaintiff punitive damages; (d) awarding plaintiff attorney's fees, costs and disbursements; (e) awarding plaintiff pre and post judgment interest; and (f) awarding plaintiff such other relief as the Court deems equitable and just.

## COUNT THREE

**(Government Policy or Procedure to Violate Civil Rights against the Borough of Palisades Park in Violation of the New Jersey Civil Rights Act N.J.S.A §10:6-2, et. seq.)**

53.     Plaintiff repeats and realleges every allegation set forth above as if set forth in this count.

54.     The resolutions of the Mayor and Council of the Borough were acts of the municipality constituting official policy of the government itself.

55.     The resolutions adopted by the Borough Council were intended by those voting in their favor—including Mayor Kim and Councilwoman Jang,—to retaliate against plaintiff for his exercise of his First Amended rights of speech and association.

56.     As a direct and proximate result of defendants' unreasonable and unlawful actions, plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, loss of income, loss of retirement, medical and other benefits, medical bills, severe

emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

57.    The Borough is liable for the Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against defendants Borough of Palisades Park, Chong Paul Kim, individually and in his official capacity, Stephanie Jang, individually and her official capacity for all legal and equitable remedies available including, but not limited to, awarding all damages including lost past and future wages, benefits bonuses and other compensation, awarding all compensatory damages for severe emotional distress, physical pain and suffering, for the damage to the Plaintiff's reputation and standing in his community and for public disgrace, embarrassment and humiliation, compensatory and punitive damages for the willful, discriminatory and malicious conduct of all of the Defendants, in amounts to be determined at trial, as well as an award of reasonable attorneys' fees with appropriate contingency enhancement, costs and disbursement  and any further relief that the Court deems just and proper.

## COUNT FOUR
### Common Law Conspiracy to Violate Civil Rights

58.    Plaintiff repeats and realleges every allegation set forth above as if set forth in this count.

59.     Paul Kim, Stephanie Jang, George Beck and Michale Gardner and others conspired for the purpose of committing acts in violation of New Jersey Civil

Rights Act N.J.S.A §10:6-2, et. seq.

60.     Upon information and belief, Paul Kim, Stephanie Jang, George Beck and Michale Gardner and others discussed at meetings in person and/or through electronic communications including telephone calls, emails, and text messages their plan and agreement to create a pretextual internal affairs investigation against eh Plaintiff to compromise or create a basis to pass him over for a promotion to sergeant and to call for and participate in a meeting of the governing body of the Borough to take action against Plaintiff in retaliation for his exercise of his constitutionally protected rights of speech, expression, and/or association on matters of public concern and agreed to act together and in concert with each other to accomplish their goals.

61.     Paul Kim, Stephanie Jang, George Beck and Michale Gardner did or caused to be done acts in furtherance of the object of their conspiracy, including, but not limited to, create a pretextual internal affairs investigation against the Plaintiff to compromise or create a basis to pass him over for a promotion to sergeant and to make sure that the other candidates for sergeant were on the Borough Council agenda and that there was sufficient support on the council to pass the resolution and skip over the Plaintiff for the purpose of violating plaintiff's civil rights, attending those meetings, and/or proposing, seconding, and/or casting votes on the resolutions—and/or encouraging others to do so.

62.     Further, Upon information and belief, Paul Kim, Stephanie Jang, George Beck and Michale Gardner and others discussed at meetings in person and/or through electronic communications including telephone calls, emails, and text messages their plan and agreement to promote a less qualified candidates to the rank of Sargent instead of the Plaintiff and to call for and participate in a meeting of the governing body of the Borough to take action against Plaintiff in retaliation for his exercise of his constitutionally protected rights of speech, expression, and/or association on matters of public concern and agreed to act together and in concert with each other to accomplish their goals.

63.     Paul Kim, Stephanie Jang, George Beck and Michale Gardner did or caused to be done acts in furtherance of the object of their conspiracy, including, but not limited to, arranging not to promote Plaintiff to the rank of sargeant and instead promote less qualified candidates and to make sure that there was sufficient support on the council to pass the resolution and promote other less qualified candidates for the purpose of violating plaintiff's civil rights, attending those meetings, and/or proposing, seconding, and/or casting votes on the resolutions—and/or encouraging others to do so.

64.     The acts of Chong Paul Kim, Stephanie Jang, George Beck and Michael Gardner had an unlawful purpose, including, but not limited to damaging Plaintiff for his exercise of constitutionally protected rights of speech, expression,

14

and association.

65.     As a direct and proximate result of defendants' unreasonable and unlawful actions, plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, loss of income, loss of retirement, medical and other benefits, medical bills, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

66.     Plaintiff was damaged thereby.

WHEREFORE, Plaintiff demands judgment against defendants Borough of Palisades Park, Chong Paul Kim, individually and in his official capacity, Stephanie Jang, individually and in her official capacity, George Beck, individually and in his official capacity,  Michael Gardner, individually and in his official capacity for all legal and equitable remedies available including, but not limited to, awarding all damages including lost past and future wages, benefits bonuses and other compensation, awarding all compensatory damages for severe emotional distress, physical pain and suffering, for the damage to the Plaintiff's reputation and standing in his community and for public disgrace, embarrassment and humiliation, compensatory and punitive damages for the willful, discriminatory and malicious conduct of all of the Defendants, in amounts to be determined at trial, as well as an award of reasonable attorneys' fees with appropriate contingency enhancement,

15

costs and disbursement  and any further relief that the Court deems just and proper.

## COUNT FIVE
## Civil Conspiracy against all individual defendants.

67.     Plaintiff repeats the allegations contained in the foregoing counts as if forth at length herein.

68.     At all relevant times, Defendant Paul Kim worked in concert with Defendants Stephanie Jang, George Beck and Michale Gardner to further the illegal acts in violation of the New Jersey Civil Rights Act as set out above.

69.     As a direct and proximate result of Defendants' conspiracy to violate New Jersey Civil Rights Act, Plaintiff has suffered compensatory damages, emotional distress and other damages.

WHEREFORE, Plaintiff demands judgment against defendants Borough of Palisades Park, Chong Paul Kim, individually and in his official capacity, Stephanie Jang, individually and in her official capacity, George Beck, individually and in his official capacity,  Michael Gardner, individually and in his official capacity for all legal and equitable remedies available including, but not limited to, awarding all damages including lost past and future wages, benefits bonuses and other compensation, awarding all compensatory damages for severe emotional distress, physical pain and suffering, for the damage to the Plaintiff's reputation and standing in his community and for public disgrace, embarrassment and humiliation, compensatory and punitive damages for the willful, discriminatory and malicious

conduct of all of the Defendants, in amounts to be determined at trial, as well as an award of reasonable attorneys' fees with appropriate contingency enhancement, costs and disbursement and any further relief that the Court deems just and proper.

## COUNT SIX
## NEW JERSEY WAGE PAYMENT LAW, N.J.S.A. 34:11-4.1 to -4.15

70.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if set forth in this Count.

71.     Under the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.15 (the "WPL"), "every employer shall pay the full amount of wages due to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer, in lawful money of the United States" N.J.S.A. 34:11-4.2.

72.     In violation of the WPL, despite demand by the Plaintiff, the Borough failed and/or refused to pay Plaintiff the full amount of his wages for the period from January 2023 February 2025 (when Plaintiff was re-assigned out of the administrative position).

73.     The Borough is an "employer" within the meaning of N.J.S.A. 34:11-4.1 which "means any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, employing any person in this State."

17

74.   Both the Borough and Paul Kim individually are liable to the Plaintiff for violating the New Jersey Wage Payment Law,

75.   Plaintiff has suffered and will continue to suffer economic losses as a result of the Borough's violation of the WPL.

WHEREFORE. Plaintiffs respectfully request the Court to enter a judgment and an order against the Borough of Palisades Park and Mayor Paul Kim:

(a)   declaring the acts and practices complained of herein are in violation of The New Jersey State Wage and Hour Law;

(b)   directing Defendants to make Plaintiffs whole for all unpaid wages due as a consequence of Defendants' violations of the New Jersey State Wage and Hour Law together with pre and post judgment interest from the date(s) such wages were due but not paid;

(c)   directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in N.J.S.A. 34:11-4.10;

(d)   awarding Plaintiffs the costs of this action together with reasonable attorney's fees as provided for in N.J.S.A 34:11-4.10; and,

(e)   granting such other and further relief as this Court deems necessary and proper.

18

Law Offices of Richard Malagiere, P.C.
Attorney for Plaintiff, Michael DeBartolo

/s/Richard Malagiere
By:  Richard Malagiere, Esq.

Dated: December 22, 2025

## DESIGNATION OF TRIAL COUNSEL

It is hereby designated that Leonard E. Seaman, Esq. will be trial counsel in the above referenced matter pursuant to Rule 4:25-4.

Law Offices of Richard Malagiere, P.C.
Attorney for Plaintiff, Michael DeBartolo

/s/Richard Malagiere
By:  Richard Malagiere, Esq

Dated: December 22, 2025

## CERTIFICATION PURUSANT TO R. 1:38-7(B)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

Law Offices of Richard Malagiere, P.C.
Attorney for Plaintiff, Michael DeBartolo

/s/Richard Malagiere
By:  Richard Malagiere, Esq

Dated: December 22, 2025

## CERTIFICATION PURSUANT TO RULE 4:5-1

In accordance with R. 4:5-1, I hereby certify that the matter in controversy is not the subject of other actions pending.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Law Offices of Richard Malagiere, P.C.
Attorney for Plaintiff, Michael DeBartolo
/s/Richard Malagiere
By:  Richard Malagiere, Esq

Dated: December 22, 2025

## **JURY DEMAND**

Plaintiff demands a jury trial.

Law Offices of Richard Malagiere, P.C.
Attorney for Plaintiff, Michael DeBartolo
/s/Richard Malagiere
By:  Richard Malagiere, Esq

Dated: December 22, 2025

## NOTICE OF TORT CLAIM

To:     Borough of Palisades Park
        c/o Roberta Stern, Borough Administrator
        275 Broad Avenue
        Palisades Park, New Jersey 07650


        Ms. Stern:

        PLEASE TAKE NOTICE that, pursuant to N.J.S.A. 59:8, Michael DeBartolo hereby provides the following as a Notice of Tort Claim as set forth below:

a.  The name and post office address of the claimant:

        Michael DeBartolo
        6 Fairhaven Drive
        Hillsdale, NJ 07642

b.  The post-office address to which the person presenting the claim desires notices to be sent:

        Richard Malagiere
        The Law Offices of Richard Malagiere, P.C.
        250 Moonachie Road, Suite 300A
        Moonachie, New Jersey 07074

c.  The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;

        Date:   January 4, 2025

        Place:  Borough Hall.

        Circumstances of Occurrence:  Claimant gave a witness statement to the Bergen County Prosecutor's Office regarding an investigation into Mayor Paul Kim on February 22, 2024.  Thereafter, a sham Internal Affairs Investigation was lodged against him on December 19, 2024 on an Administrative Misconduct charge for sick leave abuse.  A conspiracy among the individuals in the Borough designed the IA investigation to create a pretense under which Claimant could be denied an upcoming promotion to Sergeant and defeat a whistle blower claim.  In fact, Claimant was denied the promotion because he cooperated in an investigation of Mayor Paul Kim by the BCPO and executed a witness statement.

# EXHIBIT A

Further, Claimant has been working out of title for over two years in an administrative position and was re-assigned from that position to detective bureau and the person who replaced the Claimant in the administrative position was promoted to Sergeant.

d.  A general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim:

Claimant has suffered lost wages and income and is entitled to all statutory and legal damages including loss of enjoyment of life, pain and suffering and treble damages and attorneys' fees.

e.  The name or names of the public entity, employee or employees causing the injury, damage or loss, if known:

Borough of Palisades Park;
Mayor Chong Paul Kim;
Councilmember Suk "John" Min;
Councilmember Sang H. Lee;
Councilmember Youbong Won-Yoon;
Councilmember Stephanie S. Jang;
Borough Administrator Robertta Stern
additional agents, servants, and employees of the Borough of
Palisades Park or Palisades Park Police Department as continuing
Captain George Beck
Sergeant Christopher Scilingo

f.  The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.

Claimant seeks damages of $2 million for pain, physical and mental suffering, discomfort, distress, disability, impairment, loss of enjoyment of life, medical and hospital expenses, lost wages.

THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
Attorneys for Claimant, Michael DeBartolo

By: /s/Richard Malagiere
     RICHARD MALAGIERE

DATED: March 4, 2025

# EXHIBIT A

THE LAW OFFICES OF

# RICHARD MALAGIERE

A PROFESSIONAL CORPORATION

www.malagierelaw.com

| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney* | 250 MOONACHIE ROAD<br>SUITE 300A<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | 100 CHURCH STREET<br>SUITE 800<br>NEW YORK, NEW YORK 10007<br>212.879.5580<br>FAX: 212.879.5583 | **Michael Kahn**<br>*Registered Patent Agent*<br>**Leonard E. Seaman**<br>*Certified Civil Trial Attorney* |

**\*REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509.4181
Writer's e-mail:  rm@malagierelaw.com

March 4, 2025

## <u>Via Federal Express (7724-7891-3343)</u>

Borough of Palisades Park
c/o Roberta Stern, Borough Administrator
275 Broad Ave
Palisades Park, NJ 07650

**Re:     Notice of Tort Claim – Michael DeBartolo**

Dear Ms. Stern:

    This office represents Michael DeBartolo.  Enclosed please find a Notice of Tort Claim on behalf of my client.

    Thank you for your courtesies and attention in this matter.

Very truly yours
/s/Richard Malagiere
RICHARD MALAGIERE

RM/rm
Client (via e-mail)

# EXHIBIT A

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-008716-25

**Case Caption:** DEBARTOLO MICHAEL  VS BOROUGH OF PALISADES  PARK

**Case Initiation Date:** 12/30/2025

**Attorney Name:** RICHARD MALAGIERE

**Firm Name:** RICHARD MALAGIERE, PC

**Address:** 250 MOONACHIE RD 3RD FLR. STE 300A MOONACHIE NJ 07074

**Phone:** 2014400675

**Name of Party:** PLAINTIFF : Michael DeBartolo

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Michael DeBartolo?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>12/30/2025</u>
Dated

<u>/s/ RICHARD MALAGIERE</u>
Signed

# EXHIBIT B

Richard Malagiere (Attorney ID: 037951996)
Leonard E. Seaman (Attorney ID: 35021990)
THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
Tel: (201) 440-0675
Attorneys for Plaintiff, Michael DeBartolo

<table>
<tr><td></td><td>SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.:</td></tr>
</table>

**MICHAEL DEBARTOLO**

    *Plaintiff,*         **CIVIL ACTION**

  v.           **COMPLAINT, JURY DEMAND,**
               **DESIGNATION OF TRIAL**
**BOROUGH OF PALISADES PARK,**   **COUNSEL, AND CERTIFICATION**
**CHONG PAUL KIM, GEORGE**
**BECK, STEPHANIE JANG and**
**MICHAEL GARDNER**

    *Defendants*

_____

   Plaintiff, Michael DeBartolo, an individual residing at 6 Fairhaven Drive

Hillsdale, New Jersey 07642 by way of complaint against defendants, Borough

of Palisades Park, Chong Paul Kim, George Beck, Stephanie Jang and Michael

Gardner, says:



EXHIBIT
B

## PARTIES

1.      Plaintiff is a retired police office with 25 years of service to the Borough of Palisades Park and retired on August 1, 2025 at the rank of patrol officer.

2.      Defendant, Borough of Palisades Park, ("Palisades Park" to the "Borough") is a municipal corporation of the State of New Jersey, located within the State of New Jersey and County of Bergen having its seat of government and principal place of business located at 275 Broad Avenue Palisade Park, New Jersey.

3.      Defendant, Chong Paul Kim ("Paul Kim"), is currently the Mayor of Palisades Park.

4.      Defendant, George Beck ("Beck"), was the Internal Affairs officer at the Palisades Park police department in or around 2024 and is currently the Chief of Police.

5.      Michael Gardner ("Gardner") is the Police Director for the Borough of Palisades Park.

6.      Stephanie Jang ("Jang") was a councilwoman in the Borough of Palisades Park.

## **FACTS**

7.     Plaintiff began his employment with the Borough on or about December of 2000.

8.     Plaintiff served as the PBA Local 45 Delegate from 2019 until his retirement in August of 2025.

9.      In or about January of 2023, Plaintiff was assigned to an out-of-title administrative position and served in that role for approximately two (2) years.

10.     On or about February 22, 2024, Plaintiff was ordered to appear at the Bergen County Prosecutor's Office and at that time was informed that he was a witness in an internal investigation of Palisades Park Mayor defendant Paul Kim.

11.     Plaintiff immediately informed Chief Espino of the direction of the BCPO to appear for in interview regarding Mayor Paul Kim.

12.     Plaintiff submitted to an interview by the BCPO and executed a statement on or about February 22, 2024.

13.     An announcement for promotion for sergeant came out on September 24, 2024 to fill six (6) open spots.

14.     At the time the announcement for promotion for sergeant came out, Palisades Park police director Michael Gardner engaged Plaintiff in

3

conversation at the second-floor office where Plaintiff was working out of title in an administrative position.

15.     That conversation turned to sergeant promotions and Plaintiff informed Gardner that he would file a lawsuit if not promoted because he felt he was the most qualified for the promotion being the most senior patrol officer in the Borough police department and because he was already effectively working in a "sergeant's role" administrative position since January of 2023.

16.     On or about November 14, 2024, Plaintiff interviewed with police director Gardner, then-captain Beck, captain James Rotondo, councilman Suk Min and councilwoman Jang.

17.     Ten (10) Palisades Park Police Officers applied for promotion to sergeant including Plaintiff.

18.     On or about December 19, 2024, Plaintiff was served with an internal affairs complaint by the Palisades Park Police Department for alleged "administrative misconduct (sick leave abuse, truthfulness, standards of conduct, neglect of duty, performance of duty)."

19.     The internal affairs complaint was sworn to by then Captain George Beck and was pretextual in that it was issued as retaliation for the Plaintiff's participation and testimony in the Bergen County Prosecutors investigation of Palisades Park mayor Paul Kim.

20.     Further and more specifically, the internal affairs complaint was intended and designed to tarnish the Plaintiff and ensure he would not be elevated to the rank of sergeant.

21.     On or about December 30, 2024, four (4) candidates were on the agenda for promotion to Sargent and Plaintiff was not one of the candidates even though Plaintiff was senior to all four (4) candidate officers and had worked two years in an administrative post – reserved for the rank of sergeant or above.

22.     In or about January 15, 2025, Sargent Christoper Scilingo replaced Plaintiff in the administrative position Plaintiff held since January of 2023.

23.     On or about February 2025, Plaintiff was re-assigned from the administrative position he had held for about two (2) years to detective division

24.     The BCPO superseded the internal investigation regarding Plaintiff and issued a finding that the allegations did not rise to the level of an internal affairs investigation in or about March of 2025.

25.     In or around March/April 2025, Beck was promoted to Officer in Charge of the Palisades Park Police Department.

26.     Thereafter, Plaintiff was removed from detective division to patrol division while allowing two junior officers to remain in detective division.

27.     In patrol division, Plaintiff was assigned to a position subordinate to junior officers.

5

28.     On or about March 4, 2025, Plaintiff's attorneys served Defendant Borough of Palisades Park with Notice of Tort Claim. See Exhibit A attached hereto.

29.     Plaintiff retired from the Paisade Park police department in August of 2025 as a patrol officer.

## COUNT ONE
## RETALIATION IN VIOLATION OF THE NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT

30.     Plaintiff repeats the allegations of the prior paragraphs as if set forth herein.

31.     During plaintiff's employment with the Borough, plaintiff was required to participate in an investigation of defendant Paul Kim by the Bergen County Prosecutor's Office regarding Paul Kim's full-time employment with the Bergen County Housing Authority and in fact did so and gave a statement.

32.     Plaintiff informed the then-chief of police of the Borough about his ordered participation in the Bergen County Prosecutor's Office investigation.

33.     As a direct and proximate result of Plaintiff's participation in the BCPO investigation of defendant mayor Paul Kim, the defendants orchestrated and arranged for a pretextual internal affairs investigation to be initiated and pending while the Plaintiff was under consideration for a promotion to sergeant.

34.    The defendants orchestrated and arranged for the pretextual internal affairs investigation in order to create the appearance of a "legitimate basis" to pass over the Plaintiff for a promotion even though he was the most senior and the most qualified of the applicant pool.

35.    The Borough, Paul Kim, Beck, Gardner and Jang violated the New Jersey Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14.

36.    Plaintiff sustained and will continue to sustain economic losses as a result of defendants' unlawful conduct, including but not limited to, lost compensation and lost pension benefits.

37.    As a result of defendants' unlawful conduct, plaintiff has suffered and will continue to suffer emotional distress, anxiety, pain and suffering, humiliation, career, family and social disruption and other grievous harm, including aggravation of serious, pre-existing medical conditions.

38.    The decision to create the pre-text to support the reason to pass over the Plaintiff for a promotion and to then give agency to this reason by in fact passing over the Plaintiff for a promotion was especially egregious and made by defendants with malice and/or willful indifference.

39.    Defendants' actions were meant to cause or caused in a gross or reckless manner egregious and unjustified harm to Plaintiff.

40.     Upper management at the Borough, including but not limited to Paul Kim, Beck, Gardner and Jang either approved or acted with willful indifference or reckless disregard to the unlawful actions against Plaintiff, so as to warrant punitive damages against the defendants.

41.     Since the Plaintiff retired from the Borough police department in August of 2025 as a patrol officer, his pension is calculated on a lower annual salary than it should have been if Plaintiff had been promoted to sergeant as he should have been and sustained economic losses therefrom.

WHEREFORE, Plaintiff respectfully requests the Court to enter a judgment the Borough of Palisades Park, Chong Paul Kim, George Beck, Michael Gardner and Stephanie Jang: (a) awarding plaintiff economic damages, including but not limited to, back pay, front pay, bonuses and all other compensation and benefits to which plaintiff entitled; (b) awarding plaintiff damages for all other compensatory damages, including economic loss, physical and emotional distress, anxiety, humiliation, emotional harm, pain and suffering, career, family and social disruption and other grievous harm; (c) awarding plaintiff punitive damages; (d) awarding plaintiff attorney's fees, costs and disbursements; (e) awarding plaintiff pre and post judgment interest; and (f) awarding plaintiff such other relief as the Court deems equitable and just.

## COUNT TWO
## RETALITION IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT – PROTECTED SPEECH

42.     Plaintiff repeats the allegations of the prior paragraphs as if set forth herein.

43.     Plaintiff's actions as a PBA delegate and submitting to and giving a witness interview to the Bergen County Prosecutor's Office in connection with a confidential investigation into defendant Paul Kim was speech, or expression on a matter of public concern.

44.     Plaintiff's speech interest on these matters of public concern outweighs the Borough's interest in effective government operations.

45.     The Plaintiff suffered an adverse employment action through the actions of the defendants.

46.      Plaintiff's speech, expression, and/or association was a substantial motivating factor in the adverse employment action

47.     Through the defendants' actions, Plaintiff suffered retaliation for his exercise of this speech in that he was subjected to a pretextual internal affairs investigation in order to orchestrate a basis to reject his application for a promotion to sergeant notwithstanding his superior credentials and longevity for the position of sergeant.

48.      Defendants' actions were taken to retaliate against plaintiff for his

expression of opinions and factual recitation  as a private citizen. The retaliatory acts by defendants were proximately caused by plaintiff's constitutionally protected acts.

49.     The retaliatory actions of defendants were sufficient to deter a person of ordinary firmness from exercising their constitutional rights.

50.     Defendants' actions were taken under color of a statute, ordinance, regulation, custom, or usage, of the State of New Jersey and/or the Borough of Palisades Park.

51.     As a direct and proximate result of defendants' unreasonable and unlawful actions, plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, medical bills, loss of income, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

52.     Plaintiff has been damaged thereby.

WHEREFORE, Plaintiff respectfully requests the Court to enter a judgment the Borough of Palisades Park, Chong Paul Kim, George Beck, Michael Gardner and Stephanie Jang: (a) awarding plaintiff economic damages, including but not limited to, back pay, front pay, bonuses and all other compensation and benefits to which plaintiff entitled; (b) awarding plaintiff damages for all other compensatory damages, including economic loss, physical

and emotional distress, anxiety, humiliation, emotional harm, pain and suffering, career, family and social disruption and other grievous harm; (c) awarding plaintiff punitive damages; (d) awarding plaintiff attorney's fees, costs and disbursements; (e) awarding plaintiff pre and post judgment interest; and (f) awarding plaintiff such other relief as the Court deems equitable and just.

## COUNT THREE

**(Government Policy or Procedure to Violate Civil Rights against the Borough of Palisades Park in Violation of the New Jersey Civil Rights Act N.J.S.A §10:6-2, et. seq.)**

53.     Plaintiff repeats and realleges every allegation set forth above as if set forth in this count.

54.     The resolutions of the Mayor and Council of the Borough were acts of the municipality constituting official policy of the government itself.

55.     The resolutions adopted by the Borough Council were intended by those voting in their favor—including Mayor Kim and Councilwoman Jang,—to retaliate against plaintiff for his exercise of his First Amended rights of speech and association.

56.     As a direct and proximate result of defendants' unreasonable and unlawful actions, plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, loss of income, loss of retirement, medical and other benefits, medical bills, severe

emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

57.     The Borough is liable for the Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against defendants Borough of Palisades Park, Chong Paul Kim, individually and in his official capacity, Stephanie Jang, individually and her official capacity for all legal and equitable remedies available including, but not limited to, awarding all damages including lost past and future wages, benefits bonuses and other compensation, awarding all compensatory damages for severe emotional distress, physical pain and suffering, for the damage to the Plaintiff's reputation and standing in his community and for public disgrace, embarrassment and humiliation, compensatory and punitive damages for the willful, discriminatory and malicious conduct of all of the Defendants, in amounts to be determined at trial, as well as an award of reasonable attorneys' fees with appropriate contingency enhancement, costs and disbursement  and any further relief that the Court deems just and proper.

## **COUNT FOUR**
### **Common Law Conspiracy to Violate Civil Rights**

58.     Plaintiff repeats and realleges every allegation set forth above as if set forth in this count.

59.      Paul Kim, Stephanie Jang, George Beck and Michale Gardner and others conspired for the purpose of committing acts in violation of New Jersey Civil

Rights Act N.J.S.A §10:6-2, et. seq.

60.     Upon information and belief, Paul Kim, Stephanie Jang, George Beck and Michale Gardner and others discussed at meetings in person and/or through electronic communications including telephone calls, emails, and text messages their plan and agreement to create a pretextual internal affairs investigation against eh Plaintiff to compromise or create a basis to pass him over for a promotion to sergeant and to call for and participate in a meeting of the governing body of the Borough to take action against Plaintiff in retaliation for his exercise of his constitutionally protected rights of speech, expression, and/or association on matters of public concern and agreed to act together and in concert with each other to accomplish their goals.

61.     Paul Kim, Stephanie Jang, George Beck and Michale Gardner did or caused to be done acts in furtherance of the object of their conspiracy, including, but not limited to, create a pretextual internal affairs investigation against the Plaintiff to compromise or create a basis to pass him over for a promotion to sergeant and to make sure that the other candidates for sergeant were on the Borough Council agenda and that there was sufficient support on the council to pass the resolution and skip over the Plaintiff for the purpose of violating plaintiff's civil rights, attending those meetings, and/or proposing, seconding, and/or casting votes on the resolutions—and/or encouraging others to do so.

62.     Further, Upon information and belief, Paul Kim, Stephanie Jang, George Beck and Michale Gardner and others discussed at meetings in person and/or through electronic communications including telephone calls, emails, and text messages their plan and agreement to promote a less qualified candidates to the rank of Sargent instead of the Plaintiff and to call for and participate in a meeting of the governing body of the Borough to take action against Plaintiff in retaliation for his exercise of his constitutionally protected rights of speech, expression, and/or association on matters of public concern and agreed to act together and in concert with each other to accomplish their goals.

63.     Paul Kim, Stephanie Jang, George Beck and Michale Gardner did or caused to be done acts in furtherance of the object of their conspiracy, including, but not limited to, arranging not to promote Plaintiff to the rank of sargent and instead promote less qualified candidates and to make sure that there was sufficient support on the council to pass the resolution and promote other less qualified candidates for the purpose of violating plaintiff's civil rights, attending those meetings, and/or proposing, seconding, and/or casting votes on the resolutions—and/or encouraging others to do so.

64.     The acts of Chong Paul Kim, Stephanie Jang, George Beck and Michael Gardner had an unlawful purpose, including, but not limited to damaging Plaintiff for his exercise of constitutionally protected rights of speech, expression,

14

and association.

65.      As a direct and proximate result of defendants' unreasonable and unlawful actions, plaintiff has suffered and continues to suffer substantial past and future damages, both compensatory and general, including, but not limited to, loss of income, loss of retirement, medical and other benefits, medical bills, severe emotional distress, mental anguish, embarrassment, humiliation, and physical pain and suffering.

66.      Plaintiff was damaged thereby.

WHEREFORE, Plaintiff demands judgment against defendants Borough of Palisades Park, Chong Paul Kim, individually and in his official capacity, Stephanie Jang, individually and in her official capacity, George Beck, individually and in his official capacity,  Michael Gardner, individually and in his official capacity for all legal and equitable remedies available including, but not limited to, awarding all damages including lost past and future wages, benefits bonuses and other compensation, awarding all compensatory damages for severe emotional distress, physical pain and suffering, for the damage to the Plaintiff's reputation and standing in his community and for public disgrace, embarrassment and humiliation, compensatory and punitive damages for the willful, discriminatory and malicious conduct of all of the Defendants, in amounts to be determined at trial, as well as an award of reasonable attorneys' fees with appropriate contingency enhancement,

costs and disbursement  and any further relief that the Court deems just and proper.

## COUNT FIVE
### Civil Conspiracy against all individual defendants.

67.     Plaintiff repeats the allegations contained in the foregoing counts as if forth at length herein.

68.     At all relevant times, Defendant Paul Kim worked in concert with Defendants Stephanie Jang, George Beck and Michale Gardner to further the illegal acts in violation of the New Jersey Civil Rights Act as set out above.

69.     As a direct and proximate result of Defendants' conspiracy to violate New Jersey Civil Rights Act, Plaintiff has suffered compensatory damages, emotional distress and other damages.

WHEREFORE, Plaintiff demands judgment against defendants Borough of Palisades Park, Chong Paul Kim, individually and in his official capacity, Stephanie Jang, individually and in her official capacity, George Beck, individually and in his official capacity,  Michael Gardner, individually and in his official capacity for all legal and equitable remedies available including, but not limited to, awarding all damages including lost past and future wages, benefits bonuses and other compensation, awarding all compensatory damages for severe emotional distress, physical pain and suffering, for the damage to the Plaintiff's reputation and standing in his community and for public disgrace, embarrassment and humiliation, compensatory and punitive damages for the willful, discriminatory and malicious

conduct of all of the Defendants, in amounts to be determined at trial, as well as an award of reasonable attorneys' fees with appropriate contingency enhancement, costs and disbursement  and any further relief that the Court deems just and proper.

**<u>COUNT SIX</u>**
**NEW JERSEY WAGE PAYMENT LAW, N.J.S.A. 34:11-4.1 to -4.15**

70.     Plaintiff repeats and realleges each and every allegation set forth in this Complaint as if set forth in this Count.

71.     Under the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.15 (the "WPL"), "every employer shall pay the full amount of wages due to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer, in lawful money of the United States" N.J.S.A. 34:11-4.2.

72.     In violation of the WPL, despite demand by the Plaintiff, the Borough failed and/or refused to pay Plaintiff the full amount of his wages for the period from January 2023 February 2025 (when Plaintiff was re-assigned out of the administrative position).

73.     The Borough is an "employer" within the meaning of N.J.S.A. 34:11-4.1 which "means any individual, partnership, association, joint stock company, trust, corporation, the administrator or executor of the estate of a deceased individual, or the receiver, trustee, or successor of any of the same, employing any person in this State."

17

74.     Both the Borough and Paul Kim individually are liable to the Plaintiff for violating the New Jersey Wage Payment Law,

75.     Plaintiff has suffered and will continue to suffer economic losses as a result of the Borough's violation of the WPL.

WHEREFORE. Plaintiffs respectfully request the Court to enter a judgment and an order against the Borough of Palisades Park and Mayor Paul Kim:

(a)     declaring the acts and practices complained of herein are in violation of The New Jersey State Wage and Hour Law;

(b)     directing Defendants to make Plaintiffs whole for all unpaid wages due as a consequence of Defendants' violations of the New Jersey State Wage and Hour Law together with pre and post judgment interest from the date(s) such wages were due but not paid;

(c)     directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in N.J.S.A. 34:11-4.10;

(d)     awarding Plaintiffs the costs of this action together with reasonable attorney's fees as provided for in N.J.S.A 34:11-4.10; and,

(e)     granting such other and further relief as this Court deems necessary and proper.

Law Offices of Richard Malagiere, P.C.
Attorney for Plaintiff, Michael DeBartolo

/s/Richard Malagiere
By:  Richard Malagiere, Esq.

Dated: December 22, 2025

## DESIGNATION OF TRIAL COUNSEL

It is hereby designated that Leonard E. Seaman, Esq. will be trial counsel in the above referenced matter pursuant to Rule 4:25-4.

Law Offices of Richard Malagiere, P.C.
Attorney for Plaintiff, Michael DeBartolo

/s/Richard Malagiere
By:  Richard Malagiere, Esq

Dated: December 22, 2025

## CERTIFICATION PURUSANT TO R. 1:38-7(B)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court and will be redacted from all documents submitted in the future.

Law Offices of Richard Malagiere, P.C.
Attorney for Plaintiff, Michael DeBartolo

/s/Richard Malagiere
By:  Richard Malagiere, Esq

Dated: December 22, 2025

## CERTIFICATION PURSUANT TO RULE 4:5-1

In accordance with R. 4:5-1, I hereby certify that the matter in controversy is not the subject of other actions pending.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Law Offices of Richard Malagiere, P.C.
Attorney for Plaintiff, Michael DeBartolo
/s/Richard Malagiere
By:  Richard Malagiere, Esq

Dated: December 22, 2025

## **JURY DEMAND**

Plaintiff demands a jury trial.

Law Offices of Richard Malagiere, P.C.
Attorney for Plaintiff, Michael DeBartolo
/s/Richard Malagiere
By:  Richard Malagiere, Esq

Dated: December 22, 2025

## <u>NOTICE OF TORT CLAIM</u>

To:    Borough of Palisades Park
        c/o Roberta Stern, Borough Administrator
        275 Broad Avenue
        Palisades Park, New Jersey 07650


      Ms. Stern:

      PLEASE TAKE NOTICE that, pursuant to N.J.S.A. 59:8, Michael DeBartolo hereby provides the following as a Notice of Tort Claim as set forth below:

a.  The name and post office address of the claimant:

      Michael DeBartolo
      6 Fairhaven Drive
      Hillsdale, NJ 07642

b.  The post-office address to which the person presenting the claim desires notices to be sent:

      Richard Malagiere
      The Law Offices of Richard Malagiere, P.C.
      250 Moonachie Road, Suite 300A
      Moonachie, New Jersey 07074

c.  The date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted;

      Date:   January 4, 2025

      Place:  Borough Hall.

      Circumstances of Occurrence:  Claimant gave a witness statement to the Bergen County Prosecutor's Office regarding an investigation into Mayor Paul Kim on February 22, 2024.  Thereafter, a sham Internal Affairs Investigation was lodged against him on December 19, 2024 on an Administrative Misconduct charge for sick leave abuse.  A conspiracy among the individuals in the Borough designed the IA investigation to create a pretense under which Claimant could be denied an upcoming promotion to Sergeant and defeat a whistle blower claim.  In fact, Claimant was denied the promotion because he cooperated in an investigation of Mayor Paul Kim by the BCPO and executed a witness statement.

## EXHIBIT A

Further, Claimant has been working out of title for over two years in an administrative position and was re-assigned from that position to detective bureau and the person who replaced the Claimant in the administrative position was promoted to Sergeant.

d.  A general description of the injury, damage or loss incurred so far as it may be known at the time of presentation of the claim:

Claimant has suffered lost wages and income and is entitled to all statutory and legal damages including loss of enjoyment of life, pain and suffering and treble damages and attorneys' fees.

e.  The name or names of the public entity, employee or employees causing the injury, damage or loss, if known:

Borough of Palisades Park;
Mayor Chong Paul Kim;
Councilmember Suk "John" Min;
Councilmember Sang H. Lee;
Councilmember Youbong Won-Yoon;
Councilmember Stephanie S. Jang;
Borough Administrator Robertta Stern
additional agents, servants, and employees of the Borough of Palisades Park or Palisades Park Police Department as continuing
Captain George Beck
Sergeant Christopher Scilingo

f.  The amount claimed as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed.

Claimant seeks damages of $2 million for pain, physical and mental suffering, discomfort, distress, disability, impairment, loss of enjoyment of life, medical and hospital expenses, lost wages.

THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
Attorneys for Claimant, Michael DeBartolo

By: /s/Richard Malagiere
RICHARD MALAGIERE

DATED: March 4, 2025

EXHIBIT A

THE LAW OFFICES OF

# RICHARD MALAGIERE

A PROFESSIONAL CORPORATION

www.malagierelaw.com

| | | | |
|---|---|---|---|
| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney* | 250 MOONACHIE ROAD<br>SUITE 300A<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | 100 CHURCH STREET<br>SUITE 800<br>NEW YORK, NEW YORK 10007<br>212.879.5580<br>FAX: 212.879.5583 | **Michael Kahn**<br>*Registered Patent Agent*<br>**Leonard E. Seaman**<br>*Certified Civil Trial Attorney* |

**\*REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509.4181
Writer's e-mail:  rm@malagierelaw.com

March 4, 2025

## <u>Via Federal Express (7724-7891-3343)</u>

Borough of Palisades Park
c/o Roberta Stern, Borough Administrator
275 Broad Ave
Palisades Park, NJ 07650

>          Re:     **Notice of Tort Claim – Michael DeBartolo**

Dear Ms. Stern:

        This office represents Michael DeBartolo.  Enclosed please find a Notice of Tort
Claim on behalf of my client.

        Thank you for your courtesies and attention in this matter.

                                        Very truly yours
                                        /s/Richard Malagiere
                                        RICHARD MALAGIERE

RM/rm
Client (via e-mail)

# EXHIBIT A

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-008716-25

**Case Caption:** DEBARTOLO MICHAEL  VS BOROUGH OF
PALISADES  PARK

**Case Initiation Date:** 12/30/2025

**Attorney Name:** RICHARD MALAGIERE

**Firm Name:** RICHARD MALAGIERE, PC

**Address:** 250 MOONACHIE RD 3RD FLR. STE 300A
MOONACHIE NJ 07074

**Phone:** 2014400675

**Name of Party:** PLAINTIFF : Michael DeBartolo

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE
PROTECTION ACT (CEPA)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Michael DeBartolo?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/30/2025                                                                      /s/ RICHARD MALAGIERE
Dated                                                                                                    Signed

```
BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK      NJ 07601-7680
                                      TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 221-0700
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:    DECEMBER 30, 2025
                        RE:      DEBARTOLO MICHAEL  VS BOROUGH OF PALISADES  PARK
                        DOCKET: BER L -008716 25

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON LINA P. CORRISTON

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (201) 221-0700 EXT 25645.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                             ATT: RICHARD MALAGIERE
                             RICHARD MALAGIERE, PC
                             250 MOONACHIE RD
                             3RD FLR. STE 300A
                             MOONACHIE        NJ 07074


ECOURTS
```

Richard Malagiere (Attorney ID: 037951996)
Leonard E. Seaman (Attorney ID: 35021990)
THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
Tel: (201) 440-0675
Attorney for Plaintiff, Michael DeBartolo

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION: BERGEN COUNTY
DOCKET NO.: BER-L-8716-25

**MICHAEL DEBARTOLO**

|  |  |
|---|---|
| *Plaintiff,* | **CIVIL ACTION** |
| v. | **ACKNOWLEDGEMENT OF SERVICE** |

**BOROUGH OF PALISADES PARK,
CHONG PAUL KIM, GEORGE
BECK, STEPHANIE JANG and
MICHAEL GARDNER**

_____ *Defendants* _____

Service of Complaint is hereby acknowledged and accepted on behalf of defendants, Borough of Palisades Park, Chong "Paul" Kim, George Beck, and Michael Gardner this 12th day of January 2026.

RUDERMAN & ROTH, LLC
Attorney for Defendants, Borough of
Palisades Park, Chong Paul Kim, George
Beck, and Michael Gardner

By: /s/Scott Krumholz_____
        Scott Krumholz

MICHAEL DEBARTOLO

|                             | Plaintiff |
|---|---|

vs

BOROUGH OF PALISADES PARK, ET AL

|                             | Defendant |
|---|---|

20260112175346

Superior Court Of New Jersey

BERGEN Venue

Docket Number: BER L 8716 25

**Person to be served** (Name and Address):
STEPHANIE JANG
50 B EAST PALISADES BLVD
PALISADES PARK  NJ  07650
**By serving:** STEPHANIE JANG

**Attorney:** RICHARD MALAGIERE, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, TRACK ASSIGNMENT
NOTICE, CERTIFICATIONS, NOTICE OF TORT CLAIM, EXHIBIT A

**Service Data:**       [X] Served Successfully        [ ] Not Served

Date/Time:  __1/12/2026 7:33 PM__      _____

[X] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing
therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

STEPHANIE JANG _____

SELF _____

**Description of Person Accepting Service:**

SEX:_F__  AGE:_65+_  HEIGHT:_5'4"-5'8"__  WEIGHT:_131-160 LBS._  SKIN:_ASIAN____  HAIR:_BLACK___  OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:        Date/Time: _____
                          Date/Time: _____
                          Date/Time: _____

Other:

**Served Data:**
Subscribed and Sworn to me this

__12th day of January, 2026__

Notary Signature _____

__Rosemary Ramos__          __September 25th, 2028__
Name of Notary          My Commission Expires

I, _GIANFRANCO MAUCIONE,_
was at the time of service a competent adult, over the age of 18 and
not having direct interest in the litigation. I declare under penalty of
perjury that the foregoing is true and correct.

_____    __01/12/2026__
Signature of Process Server                Date

Name of Private Server: _GIANFRANCO MAUCIONE_  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

# EXHIBIT C

ROSHAN D. SHAH, ESQ.
**SHAH LAW GROUP, LLC**
**ATTORNEYS AT LAW**
1040 Broad Street, Suite 304
Shrewsbury, NJ 07702
Telephone: (732) 398-6545
Facsimile: (732) 576-0027
*Attorneys for Defendants Borough of Palisades Park, George Beck, Stephanie Jang and Michael Gardner*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| MICHAEL DEBARTOLO,<br><br>                    Plaintiff,<br><br>v.<br><br>BOROUGH OF PALISADES PARK, et al.,<br><br>                    Defendants. | Civil Action No.:<br><br><br>CIVIL ACTION<br><br>**CONSENT TO REMOVAL** |

Defendant Mayor Chong Paul Kim hereby consents to the removal of this action from the Bergen County Superior Court to the United States District Court for the District of New Jersey, Newark Vicinage.

Respectfully submitted,

**PFUND MCDONNELL, P.C.**
*Attorneys for Defendant Chong Paul Kim*


By:  /s/ Mary C. McDonnell
        MARY C. MCDONNELL, ESQ.

Dated: February 11, 2026