THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney* | 250 MOONACHIE ROAD<br>SUITE 300A<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | 100 CHURCH STREET<br>SUITE 800<br>NEW YORK, NEW YORK 10007<br>212.879.5580<br>FAX: 212.879.5583 | **Michael Kahn**<br>*Registered Patent Agent*<br>**Leonard E. Seaman**<br>*Certified Civil Trial Attorney*<br><br>Of Counsel<br>**Frank D. Rivellini**<br>**Francis J. DeVito** |

**\*REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509-4180
Writer's e-mail: les@malagierelaw.com

February 23, 2026

**VIA CM/ECF**
The Honorable Evelyn Padin, U.S.D.J.
United States District Court
District of New Jersey
M.L. King Jr. Federal Bldg. & US Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:   **DEBARTOLO v. BOROUGH OF PALISADES PARK et al**
             **Civil Action No: 2:26-cv-01394-EP-JBC**

Dear Judge Padin:

      This office represents plaintiff, Michael DeBartolo, in the above matter. Please accept this letter as a request for a Pre-Motion Conference to address plaintiff bringing a motion to remand this matter to the Superior Court of New Jersey, Law Division, Bergen County.

      The basis for the anticipated motion is that defendant's removal of this matter from the state court failed to satisfy the requirements of 28 U.S.C. § 1441(c) because the action does not include any claim arising under the Constitution, laws, or treaties of the United States, and, as a result, this Court lacks jurisdiction over the matter.

      The sole basis for federal court jurisdiction alleged in defendants' Notice of Removal was that plaintiff "asserted a First Amendment claim" in the Third Count of his complaint (ECF No. 1 at 2). A cursory review of plaintiff's pleading demonstrates that this is not the case.

Plaintiff is a retired Palisades Park police officer who served that community for 25 years (ECF No. 1 at 7). During his employment, he was ordered to appear at the Bergen County Prosecutor's Office as a witness in an investigation into the conduct of Borough's mayor, defendant Paul Kim. Plaintiff informed his chief about this, submitted to an interview, and provided a statement to the prosecutor's office on February 22, 2024 (ECF No. 1 at 8). In retaliation for providing that statement, defendants initiated a trumped up internal affairs investigation of plaintiff as pretext to deny him a promotion to sergeant (ECF No. 1 at 9-10).

Based on those facts, the Complaint contains six counts. Count One seeks relief under the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14; Count Two asserts retaliation under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2; Count Four alleges a common law conspiracy to violate plaintiff's civil rights; Count Five alleges a civil conspiracy by individual defendants, and Count Six alleges violations of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.15, in connection with "out of title" work the plaintiff performed. None of these raise any federal question, and defendants did not point to any of these claims as a basis for removal.

As noted above, defendants removed the case to this Court based solely on purported allegations in Count Three. That count is captioned "Government Policy or Procedure to Violate Civil Rights against the Borough of Palisades Park in **Violation of the New Jersey Civil Rights Act N.J.S.A §10:6-2, et. seq.**" (ECF No. 1 at 16) (emphasis added). The only reference to the United States Constitution in Count Three—or anywhere in the complaint for that matter—is in paragraph 55. That paragraph reads, in full:

> The resolutions adopted by the Borough Council were intended by those voting in their favor—including Mayor Kim and Councilwoman Jang,—to retaliate against plaintiff for his exercise of his First Amended [sic] rights of speech and association.

This single reference to the Constitution in Count Three did not transform the claims into one "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1441(c). There is no cause of action—even against federal officials—for First Amendment violations *per se*. *See Bush v. Lucas,* 462 U.S. 367, 378, n.14, 386-88 (1983). To create a federal claim, the complaint needed to allege violation of a federal statute such as 42 U.S.C. § 1983. It did not, and the exclusion of that statute (or any other federal law) was intentional on plaintiff's part.

Rather, the First Amendment was referenced because it is a component of plaintiff's New Jersey Civil Rights Act claims. That statue provides a remedy to "Any person who has been deprived of any … privileges or immunities secured by the Constitution or laws of the United States … by a person acting under color of law." N.J.S.A. 10:6-2(c).

Plaintiff has not asserted any federal claim. He does not seek relief under any federal statute, and this Court lacks jurisdiction over this dispute. Defendants' removal of this matter was improper, and plaintiff should be afforded the opportunity to file a motion to remand the matter to New Jersey state court where it belongs.

We appreciate the Court's attention to this matter.

Respectfully submitted,

s/ Leonard Seaman
LEONARD E. SEAMAN

LES/me

cc:   All counsel (via eCOURTS)
      Client (via email)