UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| *Plaintiff* | Civil Action No.: 2:26-cv-01394-EP-JBC |
|---|---|
| MICHAEL DEBARTOLO | |
| vs. | |
| *Defendants* | ANSWER, CROSSCLAIMS, SEPARATE DEFENSES, REQUEST FOR DAMAGES, JURY DEMAND, DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATION |
| BOROUGH OF PALISADES PARK, CHONG PAUL KIM, GEORGE BECK, STEPHANIE JANG and MICHAEL GARDNER | |

Defendant, Chong Paul Kim, by way of Answer to the Complaint filed herein, hereby says:

## PARTIES

1. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

2. This Defendant admits the allegations contained in this paragraph.

3. This Defendant admits the allegations contained in this paragraph.

4. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

5. This Defendant admits the allegations contained in this paragraph.

6. This Defendant admits the allegations contained in this paragraph.

## FACTS

7. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his

proofs.

    8.    This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

    9.    This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

    10.    This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

    11.    This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

    12.    This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

    13.    This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

    14.    This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

    15.    This Defendant has insufficient knowledge at this time upon which to form a

belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

16. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

17. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

18. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

19. The allegations asserted in this paragraph seemingly do not apply to this answering Defendant. If any of the allegations are directed towards this answering Defendant, the allegations are hereby denied.

20. The allegations asserted in this paragraph seemingly do not apply to this answering Defendant. If any of the allegations are directed towards this answering Defendant, the allegations are hereby denied.

21. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

22. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

23. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

24. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

25. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

26. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

27. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

28. The allegations asserted in this paragraph seemingly do not apply to this answering Defendant. If any of the allegations are directed towards this answering Defendant, the allegations are hereby denied.

29. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

## AS TO THE FIRST COUNT
**Retaliation in Violation of the New Jersey Conscientious Employee Protection Act**

30. This Defendant repeats and reiterates each and every answer to the allegations contained in the previous paragraphs of the Complaint as if set forth herein at length and verbatim.

31. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

32. This Defendant has insufficient knowledge at this time upon which to form a belief as to the truth of the allegations contained in this paragraph, and leaves Plaintiff to his proofs.

33. This Defendant denies the allegations contained in this paragraph.

34. This Defendant denies the allegations contained in this paragraph.

35. This Defendant denies the allegations contained in this paragraph.

36. This Defendant denies the allegations contained in this paragraph.

37. This Defendant denies the allegations contained in this paragraph.

38. This Defendant denies the allegations contained in this paragraph.

39. This Defendant denies the allegations contained in this paragraph.

40. This Defendant denies the allegations contained in this paragraph.

41. This Defendant denies the allegations contained in this paragraph.

## AS TO THE SECOND COUNT
**Retaliation in Violation of the New Jersey Civil Rights Act-Protected Speech**

42. This Defendant repeats and reiterate each and every answer to the allegations contained in the previous paragraphs of the Complaint as if set forth herein at length and verbatim.

43. This Defendant denies the allegations contained in this paragraph.

44. This Defendant denies the allegations contained in this paragraph.

45. This Defendant denies the allegations contained in this paragraph.

46. This Defendant denies the allegations contained in this paragraph.

47. This Defendant denies the allegations contained in this paragraph.

48. This Defendant denies the allegations contained in this paragraph.

49. This Defendant denies the allegations contained in this paragraph.

50. This Defendant denies the allegations contained in this paragraph.

51. This Defendant denies the allegations contained in this paragraph.

52. This Defendant denies the allegations contained in this paragraph.

## AS TO THE THIRD COUNT
**Government Policy or Procedure to Violate Civil Rights against the Borough of Palisades Park in Violation of the New Jersey Civil Rights Act *N.J.S.A.* §10:6-2, et seq.**

53. This Defendant repeats and reiterate each and every answer to the allegations contained in the previous paragraphs of the Complaint as if set forth herein at length and verbatim.

54. This Defendant denies the allegations contained in this paragraph.

55. This Defendant denies the allegations contained in this paragraph.

56. This Defendant denies the allegations contained in this paragraph.

57. This Defendant denies the allegations contained in this paragraph.

## AS TO THE FOURTH COUNT
**Common Law Conspiracy to Violate Civil Rights**

58. This Defendant repeats and reiterate each and every answer to the allegations contained in the previous paragraphs of the Complaint as if set forth herein at length and verbatim.

59. This Defendant denies the allegations contained in this paragraph.

60. This Defendant denies the allegations contained in this paragraph.

61. This Defendant denies the allegations contained in this paragraph.

62. This Defendant denies the allegations contained in this paragraph.

63. This Defendant denies the allegations contained in this paragraph.

64. This Defendant denies the allegations contained in this paragraph.

65. This Defendant denies the allegations contained in this paragraph.

66. This Defendant denies the allegations contained in this paragraph.

### AS TO THE FIFTH COUNT
**Civil Conspiracy against all individual defendants**

67. This Defendant repeats and reiterate each and every answer to the allegations contained in the previous paragraphs of the Complaint as if set forth herein at length and verbatim.

68. This Defendant denies the allegations contained in this paragraph.

69. This Defendant denies the allegations contained in this paragraph.

### AS TO THE SIXTH COUNT
**New Jersey Wage Payment Law, *N.J.S.A.* 34:11-4.1 TO -4.15**

70. This Defendant repeats and reiterate each and every answer to the allegations contained in the previous paragraphs of the Complaint as if set forth herein at length and verbatim.

71. The law speaks for itself.

72. This Defendant denies the allegations contained in this paragraph.

73. This allegation calls for a legal conclusion for which no response is required; however, to the extent that a response is required, Defendant is without personal knowledge sufficient to admit or deny the allegations in this paragraph.

74. This Defendant denies the allegations contained in this paragraph.

75. This Defendant denies the allegations contained in this paragraph.

### FIRST SEPARATE DEFENSE

Plaintiff's common law claims are barred by the application of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et. seq.

### SECOND SEPARATE DEFENSE

Plaintiff cannot prove a violation by this Defendant of a clearly-established constitutional or statutory right.

### THIRD SEPARATE DEFENSE

The conduct of this Defendant in the matter at bar was "objectively reasonable" under the Fourth Amendment.

### FOURTH SEPARATE DEFENSE

Plaintiff's causes of action, or some of them, are barred by the conduct of Plaintiff, which constitutes estoppels.

### FIFTH SEPARATE DEFENSE

Plaintiff has failed to comply with the Notice of Claims provisions at N.J.S.A. 59:8-3 and 8-8 and, as a result thereof, is forever barred from making any state common law claims.

### SIXTH SEPARATE DEFENSE

At all times relevant hereto, Defendant acted within the scope of their lawful authority or

apparent authority.

### SEVENTH SEPARATE DEFENSE

This Defendant did not unlawfully or intentionally violate the civil rights of Plaintiff pursuant to the United States Constitution.

### EIGHTH SEPARATE DEFENSE

This Defendant did not unlawfully or intentionally violate the civil rights of Plaintiff pursuant to the State of New Jersey.

### NINTH SEPARATE DEFENSE

Even if Plaintiff can prove a violation by the Defendant of a clearly-established constitutional or statutory right, the Defendant is still entitled to qualified or good faith immunity because Defendant reasonably believed their conduct to be lawful. Good v. Pumpkin County, 891 F.2d. 1087, 1092 (3rd Cir. 1989).

### TENTH SEPARATE DEFENSE

Any injuries or damages allegedly sustained by Plaintiff were caused solely through the acts of omission or commission of Plaintiff.

### ELEVENTH SEPARATE DEFENSE

This Defendant reserves the right to assert additional defenses upon completion of Discovery and Investigation.

### TWELFTH SEPARATE DEFENSE

This Defendant did not negligently hire and/or supervise any employee.

### CROSSCLAIM FOR CONTRIBUTION

Defendant Chong Paul Kim demands contribution from Co-Defendants under the provisions of the New Jersey Joint Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et seq., and the Comparative Negligence Act, N.J.S.A. 2A:15-1 et seq.

### CROSSCLAIM FOR COMMON LAW INDEMNIFICATION AND REIMBURSEMENT

While Defendant Chong Paul Kim denies any negligence or legal duty in this case, in the event this Defendant is adjudged responsible, such liability would be solely vicarious, imputed, secondary or technical, while the negligence of Co-Defendants would be the active and primary basis for Plaintiff's injuries and damages.

WHEREFORE, Defendant demands judgment for common law indemnification against Co-Defendants, plus interest and costs of suit.

### REQUEST FOR DAMAGES

You are hereby requested and required to furnish the undersigned, within five (5) days a written statement of the amount of damages claimed in this action.

### JURY DEMAND

Please take notice that demand is hereby made for trial by jury on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Mary McDonnell, Esq. is designated as Trial Counsel.

## CERTIFICATION

I hereby certify that: (1) the within matter in controversy is not the subject of any other action pending in any other court or arbitration; (2) no other action or arbitration proceeding is contemplated, and (3) no other necessary party to be joined in the subject litigation is presently known.

I hereby certify that the foregoing pleading has been electronically filed and served within the time provided by the court rules.

PFUND MCDONNELL, P.C.
Attorneys for Defendant Chong Paul Kim

By: _____
MARY C. MCDONNELL, ESQ.

Dated: February 25, 2026

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| *Plaintiff*<br>MICHAEL DEBARTOLO<br><br>vs.<br><br>*Defendants*<br>BOROUGH OF PALISADES PARK, CHONG PAUL KIM, GEORGE BECK, STEPHANIE JANG and MICHAEL GARDNER | Civil Action No.: 2:26-cv-01394-EP-JBC<br><br>**PROOF OF SERVICE** |

STATE OF NEW JERSEY    )
                       SS:
COUNTY OF BERGEN       )

    I, CAROL HEALION, of full age, being duly sworn according to law, upon her oath deposes and says:

    1.    I am a secretary to MARY MCDONNELL, Attorney-at-Law of the State of New Jersey and a member with the law firm of PFUND MCDONNELL, P.C.

    2.    In compliance with Rule 1:6, et seq., Defendant's Answer has been filed via e-Courts and the following attorneys have been simultaneously served with the moving papers via e-Courts.

Richard Malagiere, Esq.
Leonard E. Seaman, Esq.
The Law Offices of Richard Malagiere
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074

Roshan D. Shah, Esq.
Shah Law Group, LLC
1040 Broad Street, Suite 304
Shrewsbury, New Jersey 07702

      Pursuant to Rule 1:4-4(b), I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                              */s/ Carol Healion*
                                                             CAROL HEALION

Dated: February 25, 2026