ROSHAN D. SHAH, ESQ.
CHRISTOPHER A. KHATAMI, ESQ.
**SHAH LAW GROUP, LLC**
**ATTORNEYS AT LAW**
1040 Broad Street, Suite 304
Shrewsbury, NJ 07702
Telephone: (732) 398-6545
Facsimile: (732) 576-0027
*Attorneys for Defendants Borough of Palisades Park, George Beck, Stephanie Jang, and Michael Gardner*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| MICHAEL DEBARTOLO, <br><br>             Plaintiff, <br><br> v. <br><br> BOROUGH OF PALISADES PARK, CHONG PAUL KIM, GEORGE BECK, STEPHANIE JANG, and MICHAEL GARDNER, <br><br>             Defendants. | Hon. Evelyn Padin, U.S.D.J. <br><br> Civil Action No.: 2:26-cv-01394 (EP-JBC) <br><br> <u>CIVIL ACTION</u> <br><br> **DEFENDANTS BOROUGH OF PALISADES PARK, GEORGE BECK, STEPHANIE JANG, AND MICHAEL GARDNER'S ANSWER, CROSSCLAIMS, AND AFFIRMATIVE DEFENSES** |

Defendants Borough of Palisades Park, George Beck, Stephanie Jang, and Michael Gardner, by and through their attorneys, Shah Law Group, LLC, hereby assert their Answer, Crossclaims, and Affirmative Defenses to the Complaint filed by Plaintiff Michael DeBartolo:

**PARTIES**

1.  Admitted insofar as Plaintiff was employed as a police officer in the Borough of Palisades Park Police Department. These Defendants are without sufficient

information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

      2.      Admitted.

      3.      Admitted.

      4.      Admitted.

      5.      Admitted.

      6.      Admitted.

## **FACTS**

      7.      These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

      8.      These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

      9.      These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

      10.      These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

      11.      These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

      12.      These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

      13.      These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

      14.      These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

15. These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

16. These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

17. These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

18. Any document or record speaks for itself. To the extent the allegations in this paragraph are inconsistent with such document, they are denied. These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

19. Denied.

20. Denied.

21. Any document or record speaks for itself. To the extent the allegations in this paragraph are inconsistent with such document, they are denied. These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

22. These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

23. Any document speaks for itself. To the extent the allegations in this paragraph are inconsistent with such document, they are denied. These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

24. Any document speaks for itself. To the extent the allegations in this paragraph are inconsistent with such document, they are denied. These Defendants are

without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

25. Any document speaks for itself. To the extent the allegations in this paragraph are inconsistent with such document, they are denied. These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

26. Denied.

27. Denied.

28. Any document speaks for itself. To the extent the allegations in this paragraph are inconsistent with such document, they are denied. These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

29. Any document speaks for itself. To the extent the allegations in this paragraph are inconsistent with such document, they are denied. These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

**COUNT ONE**
**RETALIATION IN VIOLATION OF THE NEW JERSEY**
**CONSCIENTIOUS EMPLOYEE PROTECTION ACT**

30. These Defendants hereby repeat and incorporate their responses contained in the preceding paragraphs as if they were fully set forth herein.

31. Any document speaks for itself. To the extent the allegations in this paragraph are inconsistent with such document, they are denied. These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

32. Any document speaks for itself. To the extent the allegations in this paragraph are inconsistent with such document, they are denied. These Defendants are without sufficient information to admit or deny the remaining allegations set forth in this paragraph, and thus, must deny them.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

**WHEREFORE**, these Defendants deny that Plaintiff is entitled to any of the relief sought in the Prayer for Relief accompanying this Count. Instead, these Defendants pray for judgment in their own favor, including dismissal of Plaintiff's Complaint with prejudice and an award of costs and attorneys' fees.

## COUNT TWO
## RETALIATION IN VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT- PROTECTED SPEECH

42. These Defendants hereby repeat and incorporate their responses contained in the preceding paragraphs as if they were fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

**WHEREFORE**, these Defendants deny that Plaintiff is entitled to any of the relief sought in the Prayer for Relief accompanying this Count. Instead, these Defendants pray for judgment in their own favor, including dismissal of Plaintiff's Complaint with prejudice and an award of costs and attorneys' fees.

### COUNT THREE
### (Government Policy or Procedure to Violate Civil Rights against the Borough of Palisades Park in Violation of the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2, et. seq.)

53. These Defendants hereby repeat and incorporate their responses contained in the preceding paragraphs as if they were fully set forth herein.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

**WHEREFORE**, these Defendants deny that Plaintiff is entitled to any of the relief sought in the Prayer for Relief accompanying this Count. Instead, these Defendants pray for judgment in their own favor, including dismissal of Plaintiff's Complaint with prejudice and an award of costs and attorneys' fees.

## COUNT FOUR
**Common Law Conspiracy to Violate Civil Rights**

58. These Defendants hereby repeat and incorporate their responses contained in the preceding paragraphs as if they were fully set forth herein.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

**WHEREFORE**, these Defendants deny that Plaintiff is entitled to any of the relief sought in the Prayer for Relief accompanying this Count. Instead, these Defendants pray for judgment in their own favor, including dismissal of Plaintiff's Complaint with prejudice and an award of costs and attorneys' fees.

## COUNT FIVE
**Civil Conspiracy against all individual defendants.**

67. These Defendants hereby repeat and incorporate their responses in the preceding paragraphs as if they were fully set forth herein.

68. Denied.

69. Denied.

**WHEREFORE**, these Defendants deny that Plaintiff is entitled to any of the relief sought in the Prayer for Relief accompanying this Count. Instead, these Defendants pray

for judgment in their own favor, including dismissal of Plaintiff's Complaint with prejudice and an award of costs and attorneys' fees.

## COUNT SIX
## NEW JERSEY WAGE PAYMENT LAW, N.J.S.A. 34:11-4.1 to –4.15

70. These Defendants hereby repeat and incorporate their responses contained in the preceding paragraphs as if they were fully set forth herein.

71. These Defendants are without sufficient information to admit or deny the allegations set forth in this paragraph and, thus, must deny them.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

**WHEREFORE**, these Defendants deny that Plaintiff is entitled to any of the relief sought in the Prayer for Relief accompanying this Count. Instead, these Defendants pray for judgment in their own favor, including dismissal of Plaintiff's Complaint with prejudice and an award of costs and attorneys' fees.

## PRAYER FOR RELIEF

These Defendants deny that Plaintiff is entitled to any of the relief sought in his Prayer for Relief. Instead, these Defendants pray for judgment in their favor, including dismissal of the Complaint with prejudice and an award of costs and attorneys' fees.

Any allegations that have not been specifically admitted are hereby denied, including those un-numbered allegations in the Complaint's headings and subheadings.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint is barred in whole or in part as it fails to state a claim upon which relief may be granted.

2. Recovery is barred, in whole or in part, because these Defendants, at all relevant times, acted in good faith, without malice, and had reasonable grounds for believing its actions complied with all agreements and applicable law.

3. Recovery is barred, in whole or in part, because the Borough Defendants complied with all applicable statutes, regulations, and laws in dealing with or towards Plaintiff.

4. Recovery is barred, in whole or in part, because Plaintiff cannot establish a prima facie claim for his retaliation claim under the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1, et. seq.

5. Recovery is barred, in whole or in part, because Plaintiff cannot establish a prima facie claim for his Speech Retaliation claim via the New Jersey Civil Rights Act.

6. Recovery is barred, in whole or in part, because Plaintiff cannot establish a prima facie claim for Common Law Conspiracy and/or Civil Conspiracy.

7. Recovery is barred, in whole or in part, because Plaintiff cannot establish a prima facie claim for any violation under the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1, et. seq.

8. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, unclean hands and/or acquiescence.

9. Plaintiff's claims are barred by the applicable statute of limitations.

10. Plaintiff's claims are barred because he failed to comply with the notice of tort claim requirements under N.J.S.A. § 59:8-8.

11. Any recovery to which plaintiff may be entitled to against the Defendant is subject to the limitations and reductions on damages set forth in N.J.S.A. § 59:9-2.

12. Plaintiff's Complaint and the proceedings resulting therefrom and any recovery resulting therefrom is barred, limited and/or controlled by all provisions of the New Jersey Tort Claims Act, N.J.S.A. §§ 59:1-1 through 59:12-3, as if each section, provision, defense, and immunity was listed herein separately, particularly, and at length.

13. Any damages alleged in this incident were solely and exclusively the result of Plaintiff's actions.

14. Recovery is barred, in whole or in part, because Plaintiff's Complaint and its underlying theories of recovery are frivolous.

15. Recovery is barred, in whole or in part, because Plaintiff did not suffer harm or damages.

16. Recovery is barred, in whole or in part, because Plaintiff failed to mitigate any damages allegedly suffered.

17. This action is barred by the doctrine of *res judicata,* collateral estoppel, judicial estoppel, or the entire controversy doctrine.

18. These Defendants reserve the right to file a motion for a more definite statement.

19. These Defendants did not breach any duty owed to Plaintiff or any other parties to this action.

20. These Defendants reserve the right to assert additional affirmative defenses.

21. These Defendants acted consistent with their legal responsibilities.

22. These Defendants are entitled to qualified and/or absolute immunity.

23. These Defendants were not joint tortfeasors and are not liable for contribution or indemnification to any other party.

24. Plaintiffs did not engage in any protected activity.

25. These Defendants have not deprived Plaintiffs of any right, privilege or immunity secured to them by the Constitution and laws of the State of New Jersey.

26. These Defendants have not deprived Plaintiffs of any right, privilege or immunity secured to them by the United States Constitution or federal law.

27. These Defendants did not act under color of state law with an intent to deprive Plaintiffs of their rights.

28. Plaintiff fails to state a prima facie claim for liability under the *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

29. Therse Defendants hereby incorporate all affirmative defenses that have been or will be pled by any other party in this action to the extent these defenses are applicable to it.

30. Defendant Borough of Palisades Park is entitled to the immunities and the defenses provided by N.J.S.A. § 59:2-1.

31. Defendant Borough of Palisades Park is entitled to the immunities and the defenses provided by N.J.S.A. § 59:2-4.

32. Defendant Borough of Palisades Park is entitled to the immunities and the defenses provided by N.J.S.A. § 59:2-10.

33. Defendant Borough of Palisades Park is entitled to the immunities and the defenses provided by N.J.S.A. § 59:2-2.

34. Defendant Borough of Palisades Park is entitled to the immunities and the defenses provided by N.J.S.A. § 59:2-3.

35. These Defendants are not liable for acts taken in good faith in the enforcement of any law pursuant to N.J.S.A. § 59:3-3.

36. These Defendants are entitled to the immunities and the defenses provided by N.J.S.A. § 59:3-4.

37. Plaintiffs' claims are barred for failure to file notice of tort claim in accordance with N.J.S.A. § 59:8-8.

38. These Defendants acted in good faith and did not use any legal process in an illegal or improper way or for any improper motive or purpose.

39. Recovery is barred, in whole or in part, because all conduct and actions of these Defendants were wholly based on legitimate and non-retaliatory reasons.

## CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION

Without admitting any liability whatsoever, these Defendants hereby demand from any/all other defendants currently named or to be named in this action both contribution and indemnification pursuant to any/all applicable provisions of common law and/or contract and/or statute (including, but not limited to, the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 *et seq.*, the New Jersey Joint Tortfeasor Contribution Law, N.J.S.A. 2A:53A-1 *et seq.*, and the New Jersey Tort Claims Act, N.J.S.A. 59:9-3, 59:9-3.1, and 59:9-4). These Defendants further assert that any negligence by these Defendants is only secondary, vicarious, and imputed whereas the negligence of any/all such other defendants currently named or to be named in this action was primary, direct, and active.

## **ANSWER TO CROSSCLAIMS**

These Defendants, by way of answer to any and all crossclaims which may be made against it, hereby denies all allegations of any crossclaim that any cross-claimants are entitled to relief.

**WHEREFORE**, these Defendants demand judgment in its favor dismissing any and all crossclaims, plus costs.

## **REQUEST FOR ALLOCATION**

Pursuant to *Young v. Latta*, 123 N.J. 584 (1991), these Defendants hereby advise that if any co-Defendant settles the within matter prior to conclusion of trial, the liability of any settling co-Defendants shall remain an issue and these Defendants shall seek an allocation of percentage of negligence by the finder of fact against such a settling co-Defendant and/or a credit in favor of these Defendants consistent with such allocation.

Furthermore, these Defendants hereby advise that they intend to seek an allocation of the percentage of fault by the finder of fact against any and all persons and entities, whether public or private, who may have caused and/or contributed to the happening of the accident/incident, regardless of whether such tortfeasors have been joined as parties to this action. This shall constitute these Defendants' "fair and timely" notice of such intention to all parties pursuant to the principles set forth in *Maison v. NJ Transit Corp.*, 245 N.J. 270 (2021); *Krzykalski v. Tindal*, 232 N.J. 525 (2018); *Jones v. Morey's Pier, Inc.*, 230 N.J. 142 (2017); *Young v. Latta*, 123 N.J. 584 (1991); *Bolz v. Bolz*, 400 N.J. Super. 154 (App. Div 2008), and similar cases interpreting the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 *et seq.*, the Joint Tortfeasor Contribution Law, N.J.S.A. 2A:53A-1 *et seq.*, and N.J.S.A. 59:9-3.1.

## RESERVATION OF RIGHTS

These Defendants reserve the right, at or before trial, to move to dismiss the Complaint, move for judgment on the pleadings, and/or move for summary judgment, on the grounds that it fails to state a claim upon which relief can be granted and/or these Defendants are entitled to judgment as a matter of law.

## DEMAND FOR JURY TRIAL

These Defendants demand a trial by jury for all issues of fact.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Roshan D. Shah, Esq., is hereby designated as trial counsel.

**SHAH LAW GROUP, LLC**
**ATTORNEYS AT LAW**
*Attorneys for Defendants Borough of Palisades Park, George Beck, Stephanie Jang, and Michael Gardner*

Dated: March 13, 2026   By:   */s/Christopher A. Khatami*
　　　　　　　　　　　　　　　Christopher A. Khatami, Esq.

## CERTIFICATION OF SERVICE

I hereby certify that the foregoing pleading was filed with the Clerk of the U.S. District Court for the District of New Jersey, and served upon all counsel of record, via the Case Management/Electronic Case Filing (CM/ECF) system. I certify that the foregoing statements are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: March 13, 2026   　　　　　　　　　　　*/s/Christopher A. Khatami*
　　　　　　　　　　　　　　　　　　　　　　　Christopher A. Khatami, ESQ.