## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL DEBARTOLO,**<br><br>    Plaintiff,<br><br> v.<br><br><br>**BOROUGH OF PALISADES PARK, ET AL.**<br><br>    Defendants | Civ. Action No. 2:26-cv-01394-EP-JBC |

---

## BRIEF IN SUPPORT OF MOTION TO REMAND

---

Richard Malagiere
Leonard E. Seaman
THE LAW OFFICES OF RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Attorneys for Defendant, Michael DeBartolo

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................... ii

STATEMENT OF FACTS ......................................................................1

LEGAL ARGUMENT...........................................................................3

      THIS MATTER SHOULD BE REMANDED TO NEW JERSEY
      STATE COURT BECAUSE DEFENDANTS' REMOVAL WAS
      IMPROPER ...............................................................................3

CONCLUSION ....................................................................................6

# TABLE OF AUTHORITIES

**Cases**

*Bush v. Lucas,*
    462 U.S. 367  (1983) ................................................................................ 4

*Caterpillar Inc. v. Williams,*
    *482 U.S. 386 (1987)*............................................................................... 3

*MHA LLC v. Healthfirst, Inc.,*
    629 F. App'x 409 (3d Cir. 2015)........................................................... 3

*Steel Valley Auth. v. Union Switch & Signal Div.,*
    809 F.2d 1006 (3d Cir. 1987)............................................................. 3, 4

**Statutes**

28 U.S.C. § 1331................................................................................... 3
28 U.S.C. § 1441(a) ............................................................................. 3
28 U.S.C. § 1441(c) ........................................................................... 1, 4
28 U.S.C. § 1447(c) ............................................................................. 3
42 U.S.C. § 1983.................................................................................. 4
N.J.S.A. 10:6-1 to -2 ........................................................................... 2
N.J.S.A. 10:6-2(c) ............................................................................... 5
N.J.S.A. 34:11-4.1 to -4.15 ................................................................. 2
N.J.S.A. 34:19-1 to -14 ....................................................................... 2

## STATEMENT OF FACTS

This case is brought solely under New Jersey state law. Plaintiff has not asserted and does not intend to assert any federal claims. It is a whistleblower/civil rights/employment discrimination/wage payment action brought to correct defendants' violations of New Jersey state law.

Plaintiff, Michael DeBartolo, brought this action in New Jersey state court, filing a complaint against defendants, Borough of Palisades Park, Paul Jong Kim, George Beck, Stephanie Jang, and Michael Gardner on December 30, 2025 (Declaration of Leonard E. Seaman, Exhibit A, Complaint). All the parties are citizens of the State of New Jersey (Compl. p. 1, ¶ 2-6).

Counsel for all defendants except Mayor Kim filed a notice of removal on February 11, 2026 (ECF No. 1). While the removal petition was timely, it is defective because plaintiff's claims do not "aris[e] under the Constitution, laws, or treaties of the United States," as required by 28 U.S.C. § 1441(c).

Mr. DeBartolo is a retired Palisades Park police officer who began serving the Borough in December 2000. He was a union delegate from 2019 until he retired in 2025 (Compl. ¶¶ 1, 7-8). He was assigned to an out-of-title administrative position in January 2023 and served in that role for approximately two years (Compl. ¶ 9). During his employment, he was ordered to appear at the Bergen County Prosecutor's Office as a witness in an investigation into the conduct of defendant, Mayor Paul

1

Kim. Mr. DeBartolo informed his chief about this, gave an interview to prosecutors, and provided a statement to the prosecutor's office on February 22, 2024 (Compl. ¶ 10-12).

In retaliation for providing that statement, defendants initiated a trumped-up internal affairs investigation of plaintiff as pretext to deny him a promotion to sergeant (Compl. ¶¶ 18-21).

Mr. DeBartolo's state court complaint includes six counts. Count One seeks relief under the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -14; Count Two asserts retaliation under the New Jersey Civil Rights Act, N.J.S.A. 10:6-1 to -2; Count Four alleges a common law conspiracy to violate plaintiff's civil rights; Count Five alleges a civil conspiracy by individual defendants, and Count Six alleges violations of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.15, in connection with "out of title" work the plaintiff performed (Compl. ¶¶ 30 – 75).

The sole basis for this Court's jurisdiction offered in defendants' removal petition that Mr. DeBartolo "asserted a First Amendment claim" in the Third Count of his complaint (ECF No. 1 at 2).

2

## **LEGAL ARGUMENT**

### **THIS MATTER SHOULD BE REMANDED TO NEW JERSEY STATE COURT BECAUSE DEFENDANTS' REMOVAL WAS IMPROPER**

"Federal courts are courts of limited jurisdiction, and a case can only be removed to a federal district court if the case could have been originally filed there." *MHA LLC v. Healthfirst, Inc.*, 629 F. App'x 409, 411 (3d Cir. 2015) (citing 28 U.S.C. § 1441(a)). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution. laws, or treaties of the United States." 28 U.S.C. § 1331. "Absent diversity of citizenship, federal-question jurisdiction … is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, plaintiffs are the masters of their claim; "[they] may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Removed cases shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The party initially removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (citations omitted). This burden is heavy, since "the removal statutes

are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Steel Valley Auth.,* 809 F.2d at 1010.

As noted above, defendants removed the case to this Court based solely because the purported allegations in Count Three "assert[s] a First Amendment claim" (ECF No. 1 at 2). Count Three is captioned "Government Policy or Procedure to Violate Civil Rights against the Borough of Palisades Park in **Violation of the New Jersey Civil Rights Act N.J.S.A §10:6-2, et. seq.**" (Compl. ¶ 53) (emphasis added). The United States Constitution is referenced only once in Count Three and nowhere else in the complaint. In paragraph 55, plaintiff alleges in full:

> The resolutions adopted by the Borough Council were intended by those voting in their favor—including Mayor Kim and Councilwoman Jang—to retaliate against plaintiff for his exercise of his First Amended [sic] rights of speech and association.

[Compl. ¶ 55]

This single reference to the Constitution did not transform plaintiff's state law claim under the New Jersey Civil Rights Act into a federal claim "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1441(c). There is no cause of action—even against federal officials—for First Amendment violations *per se. See Bush v. Lucas,* 462 U.S. 367, 378, n.14, 386-88 (1983). To create a federal claim, a plaintiff must allege violation of a federal statute such as 42 U.S.C. § 1983.

4

Mr. DeBartolo did not do that, and his exclusion § 1983 (or any other federal law) from the complaint was intentional.

Rather, the First Amendment was referenced because it is a component of Mr. DeBartolo's New Jersey Civil Rights Act claims. That statue provides a remedy to "Any person who has been deprived of any … privileges or immunities secured by the Constitution or laws of the United States … by a person acting under color of law." N.J.S.A. 10:6-2(c).

Mr. DeBartolo has not asserted any federal claim. He does not seek relief under any federal statute, and this Court lacks jurisdiction over this dispute. Defendants' removal of this matter was improper, and plaintiff should be afforded the opportunity to file a motion to remand the matter to New Jersey state court where it belongs.

5

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that its motion to remand this matter to the Superior Court of New Jersey, Law Division, Bergen County, be granted.

s/ Leonard E. Seaman
Richard Malagiere
Leonard E. Seaman
The Law Offices of Richard Malagiere, P.C.
250 Moonachie Road, Suite 300A
Moonachie, New Jersey 07074
(201) 440-0675
Attorneys for Plaintiff, Michael DeBartolo

DATED: May 8, 2026

6