

**SHAH LAW GROUP**

Christopher A. Khatami | Counsel
ckhatami@shahlg.com
P: 732-398-3918 | F: 732-576-0027

May 18, 2026

**VIA ECF**
Hon. Evelyn Padin, U.S.D.J.
United States District Court for
the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> **Re:  DeBartolo v. Borough of Palisades Park, et. al.**
> **Docket No.: 2:26-cv-01394-EP-JBC**

Dear Judge Padin:

This Firm represents Defendants Borough of Palisades Park, George Beck, Stephanie Jang, and Michael Gardner in the above-referenced matter. Please accept this Letter Brief in Opposition to Plaintiff Michael DeBartolo's ("Plaintiff") remand motion.

**ARGUMENT**

**I.    Plaintiff Is Not Entitled To Remand.**

The plain text and language of the Plaintiff's Complaint at paragraph 55, Count Three, explicitly refers to retaliation against Plaintiff "for his exercise of his First Amended rights of speech and association." See *Compl.*, ¶¶ 53-56. This explicit reference to the First Amendment grounds Count Three in a federal constitutional claim, conferring jurisdiction upon this Court.

Upon a remand motion, the removing party bears the burden of demonstrating that removal was proper. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). The removing party bears the burden of proving that federal court jurisdiction is

May 18, 2026
Page 2

proper. *Id.* The removal statutes are strictly construed in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Removal jurisdiction is based on the existence of original federal question jurisdiction. Thus, the first question that must be addressed by the Court is whether the complaint pleads a federal cause of action under the well-pleaded complaint rule. *Espinosa v. Continental Airlines*, 80 F. Supp.2d 297, 299-300 (D.N.J. 2000)(citing *Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149 (1908)).

"Under the 'well-pleaded complaint rule,' removal is appropriate only where a federal question appears on the face of the complaint." *Espinosa v. Continental Airlines*, 80 F. Supp.2d 297, 299-300 (D.N.J. 2000)(citing *Franchise Tax Bd. of the State of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9-12 (1983)). "[W]here a plaintiff's complaint on its face states only state law causes of action, the fact that issues of federal law may be involved, as in the nature of a defense, will not suffice to create federal question jurisdiction." *Carrington v. RCA Global Communications, Inc.*, 762 F. Supp. 632, 636 (D.N.J. 1991).

Removal in this case based on original federal question jurisdiction was warranted. Under Mottley, federal question jurisdiction lies where the complaint pleads **_a_** federal cause of action under the well-pleaded complaint rule. The fact that the other counts of Plaintiff's Complaint are state law claims does not defeat removal. Satisfying the heavy burden that removal was proper does not require that all Plaintiff's causes of action are state law claims. The existence of a cause of action rooted in a substantive federal constitutional right, such as the free speech and association clauses of the First Amendment to the Federal Constitution, satisfies the removal burden.

May 18, 2026
Page 3

Here, Count Three of Plaintiff's Complaint is a civil rights cause of action brought under the New Jersey Civil Rights Act ("NJCRA"), which is not a source of substantive legal rights, but, analogous to its federal cognate Section 1983, is a vehicle for asserting substantive rights rooted in federal or state laws and the federal and state constitutions. *See City of Oklahoma v. Tuttle*, 471 U.S. 808, 816 (1985)(Section "1983 creates no substantive rights, it merely provides remedies for deprivations of rights established elsewhere"); *Gormley v. Wood-El*, 218 N.J. 72, 93 (2014)(Like Section 1983, "NJCRA is a means of vindicating substantive rights and is not a source of rights itself").

Moreover, "[b]ecause the NJCRA was modeled after [Section] 1983, and creates a private cause of action for violations of civil rights secured under either the United States or New Jersey Constitutions, the NJCRA is interpreted analogously to [Section] 1983." *Castro v. New Jersey*, 521 F.Supp.3d 509, fn. 6 (D.N.J. 2021)(citing Norman v. Haddon Township, 2017 Wl 2812876, at *4 (D.N.J. 2017)). "In contrast to [Section 1983], which provides remedies for the deprivation of both procedural and substantive rights, N.J.S.A. 10:6-2(c) provides remedies only for the violation of substantive rights." *Castro v. New Jersey*, 521 F.Supp.3d 509, fn. 6 (D.N.J. 2021)(citing *Tumpson v. Farina*, 218 N.J. 450 (2014)). In *Castro*, the Court indicated in a footnote that because plaintiff alleged substantive violations of his civil rights, both provisions, Section 1983 and NJCRA, provide potential vehicles for relief. *Castro*, 521 F.Supp.3d. 509 at fn. 6.

Count Three in Plaintiff's Complaint is a civil rights cause of action based on an allegation that municipal government policy and procedure infringed on certain of Plaintiff's substantive civil rights. The plain language and text of Count Three, Paragraph 55, categorically identifies that Plaintiff was retaliated against "for his exercise of his First Amended [sic] rights of speech and association." See *Compl.*, ¶¶ 53-56. Since Plaintiff is

May 18, 2026
Page 4

alleging a substantive civil rights violation, he may properly bring that federal constitutional claim under either Section 1983 or the NJCRA. Even though Plaintiff decided to bring this substantive civil rights claim under the NJCRA, the identified source of those substantive rights is the free speech and association clauses of the First Amendment to the federal constitution. The fact that Plaintiff uses the NJCRA as a vehicle to assert his First Amendment retaliation claim *does not* divest this Court of federal jurisdiction over what self-evidently is a federal constitutional claim under the First Amendment's free speech and association clauses.

Plaintiff has never contended that Paragraph 55 contains any typographical error. Defendants' decision to remove this matter to federal court in the first instance was predicated upon Plaintiff's deliberately chosen First Amendment language.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's motion for remand as the Third Count of his Complaint is substantively and constitutionally grounded in his free speech and association rights under the First Amendment to the Federal Constitution.

Respectfully submitted,

*/s/ Christopher A. Khatami*

CHRISTOPHER A. KHATAMI, ESQ.
For the Firm

c: All Counsel of Record.