UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

NEWARK VICINAGE

| | |
|---|---|
| *Plaintiff*<br>MICHAEL DEBARTOLO<br><br>*vs.*<br><br>*Defendants*<br>BOROUGH OF PALISADES PARK, CHONG PAUL KIM, GEORGE BECK, STEPHANIE JANG and MICHAEL GARDNER | Civil Action No.: 2:26-cv-01394-EP-JBC<br><br>**JOINT DISCOVERY PLAN** |

Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

**Plaintiff initiated this action in the Superior Court of New Jersey. Plaintiff's complaint asserts claims solely based on New Jersey statutes and common law. Aside from referencing the First Amendment in connection with his New Jersey Civil Rights Act claim, the complaint does not mention the United States Constitution or any federal statute or regulation. This matter was removed to this Court by defendants Borough of Palisades Park, Beck, Jang, and Gardner (ECF No. 1). Plaintiff was granted leave to file a motion to remand (ECF No. 14). Plaintiff's motion was filed on May 8, 2026 (ECF No. 16) and has been fully briefed (ECF Nos. 17, 18, and 19).**

**Plaintiff Michael DeBartolo is a police officer with the Borough of Palisades Park. Plaintiff was employed by the Palisades Park Police Department for 25 years. He retired on August 1, 2025 at the rank of patrol officer. He alleges that he was called into the Bergen County Prosecutor's Office ("BCPO") to give a statement regarding an investigation into Mayor Kim. Following his appearance at the BCPO, promotions were held in Palisades Park. Plaintiff alleges that 10 officers participated in the promotional process and that he was the most senior. Ultimately, 4 officers were promoted and he was not. He alleges that he was not promoted in retaliation for his cooperation in an investigation against the Mayor.**

**The complaint alleges the following causes of action:**

- **Count One - Retaliation in Violation of the New Jersey Conscientious Employee Protection Act**
- **Count Two – Retaliation in Violation of the New Jersey Civil Rights Act – Protected Speech**
- **Count Three – Government Policy or Procedure to Violate Civil Rights in Violation of the New Jersey Civil Rights Act**
- **Count Four – Common Law Conspiracy to Violate Civil Rights**
- **Count Five – Civil Conspiracy against all individual defendants**
- **Count Six – New Jersey Wage Payment Law N.J.S.A. 34:11-4.1-4.15**

**The complaint alleges the following:**

**Plaintiff contends that on February 22, 2024, he was ordered to appear at the Bergen County Prosecutor's office because he was a witness in internal Investigation of Mayor Kim. Plaintiff informed Chief Espino and appeared for the interview and executed a statement.**

**On September 24, 2024, Palisades Park Police Department announced that promotions to Sergeant would be held at that there were 6 open spots. Plaintiff interviewed on November 14, 2022. A total of 10 candidates participated in the promotional process.**

**On December 19, 2024, Plaintiff was served with an IA complaint for administrative misconduct related to sick leave abuse, truthfulness, standards of conduct, neglect of duty, and performance of duty.**

**On December 30, 2024, four officers were promoted to Sergeant. Plaintiff was not promoted. He further alleges that he was removed from has administrative position and assigned to positions where officers junior to him were supervising him. He alleges that his assignments, his IA investigation and his failure to be promoted were retaliatory as a result of his participation in the BCPO's investigation into Mayor Kim. He retired as a patrol officer after 25 years of service with the PPPD.**

**Defendants deny all allegations and contend that the promotions were proper.**

1. Have settlement discussions taken place? Yes _____ No ___**X**_____

   a. What was plaintiff's last demand?

      1. Monetary demand $ ____________
      2. Non-Monetary demand __________

   b. What was defendant's last offer?

1. Monetary offer: $ ___________
2. Non-monetary offer: $ ________

2. The parties **have not** exchanged the information required by Fed. Rule. Civ. P. 26(a)(1).

3. Describe any discovery conducted other than the above disclosures.

**The parties are in the process of drafting Rule 26 disclosures and discovery demands.**

4. Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

   The parties do not presently anticipate filing a dispositive motion before completion of discovery.

5. The parties proposed the following:

   **a. Discovery is needed on the following subjects:**
   **1. The promotional process**
   **2. The Bergen County Prosecutor's Investigation**
   **3. The Borough's prior promotion, certification, list-extension, and anticipated-vacancy practices**
   **4. Monell/final-policymaker issues**
   **5. Defendants' asserted reasons for not promoting Plaintiff**
   **6. Damages, including pay, benefits, seniority, and pension impact**

   b. Should discovery be conducted in phases? **No.**

   c. Number of Interrogatories by each party to each other party: **25**

   d. Number of Depositions to be taken by each party: **10**

   e. Plaintiff's expert report due on **July 14, 2027**.

   f. Defendant's expert report due on **August 18, 2027**.

   g. Motion to Amend or to Add Parties to be filed by **January 20, 2027**.

   h. Dispositive motions to be served within **30** days of completion of discovery.

i. Factual discovery to be completed by **June 30, 2027.**

j. Expert Discovery to be completed by **September 22, 2027.**

k. Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders.

The parties plan to enter an appropriate Discovery Confidentiality Order/Protective Order governing confidential materials. Plaintiff anticipates ESI discovery may include email, text messages, calendars, Civil Service portal records, audit/log data, mobile-device communications, and personal accounts or devices used for City business. Plaintiff reserves the right to seek an ESI protocol, preservation order, or other relief if necessary.

l. A pretrial conference may take place on [to be set by the Court].

m. Trial by jury or non-jury trial?

Plaintiff demanded a jury trial.

n. Trial date: [to be set by the Court].

6. Do you anticipate any discovery problem(s)? Yes ___ No _**X**__. If so, explain.

The parties do not anticipate any discovery problems at this time. They will promptly raise any such issues with the Court should they arise.

7. Do anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? Yes ___ No **X**_. If so, explain.

The parties do not anticipate any special discovery needs at this time. They will promptly raise any such issues with the Court should they arise.

8. State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time.

**This case may be appropriate for mediation pursuant to L. Civ. R. 301.1 after the exchange of initial written discovery and key documents concerning promotions, liability insurance/indemnification, and damages. Plaintiff does not believe voluntary arbitration pursuant to L. Civ. R. 201.1 is appropriate because this matter involves claims of constitutional retaliation, the amount in controversy exceeds $150,000, and Plaintiff seeks equitable relief and punitive damages. A special master is not presently**

**necessary, but may become appropriate if substantial ESI, privilege, or municipal-records disputes arise.**

9. Is this case appropriate for bifurcation? Yes _____ No __**X**___

10. The parties do not presently consent to trial before a Magistrate Judge, without prejudice to revisiting the issue after completion of discovery or dispositive motion practice.


**THE LAW OFFICES OF RICHARD MALAGIERE**

/s/ Richard Malagiere, Esq.________
Richard Malagiere, Esquire
250 Moonachie Road, Suite 300A
Moonachie, NJ 07074
Phone (201) 440-0675
Fax (201) 440-1843
rm@malagierelaw.com

**PFUND MCDONNELL & SHEPARD, P.C.**

/s/ Mary McDonnell_____________
Mary McDonnell
139 Prospect Street, 2nd Fl.
Ridgewood, NJ 07450
Phone: (201) 857-5040
Fax: (201) 857-5041
mmcdonnell@pfundmcdonnell.com

**SHAH LAW GROUP, LLC**
/s/ Roshan D. Shah, Esq.________
Roshan D. Shah, Esquire
1040 Broad Street, Suite 304
Shrewsbury, NJ 07702
Phone (732) 398-6545
Fax (732) 576-0027
rshah@shahlg.com