**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MICHAEL DEBARTOLO,

Plaintiff,

v.

BOROUGH OF PALISADES PARK, et al.,

Defendants.

No. 26cv1394 (EP) (JBC)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

Plaintiff Michael DeBartolo, a retired Borough of Palisades Park police officer, brings this action against Defendants Borough of Palisades Park (the "Borough"), Mayor Chong Paul Kim, Officer George Beck, Councilwoman Stephanie Jang, and Director Michael Gardner for violations of the New Jersey Conscientious Employee Protection Act ("CEPA"), the New Jersey Civil Rights Act ("NJCRA"), and related state law causes of action arising from alleged retaliation for his participation in an investigation of Kim. *See* D.E. 1, ("Notice of Removal"), Ex. A ("Complaint" or "Compl.").

After DeBartolo commenced this action in the Superior Court of New Jersey, Law Division, Bergen County, the Borough, Beck, Jang, and Gardner (collectively, the "Removing Defendants") removed the action to this Court with Kim's consent. *See* Notice of Removal ¶¶ 1–6. Presently before the Court is DeBartolo's motion to remand this action pursuant to 28 U.S.C. § 1447(c), in which he argues that the Complaint asserts only state law claims. D.E. 16-1 ("Motion" or "Mot.") at 4–5.[1] The Removing Defendants and Kim oppose remand, arguing that

[1] DeBartolo filed his Notice of Motion at D.E. 16. The Court refers to DeBartolo's memorandum of law as his Motion.

DeBartolo's NJCRA claim seeks to vindicate his free speech and association rights under the First Amendment of the U.S. Constitution and thus presents a federal question subject to this Court's jurisdiction. D.E. 17 ("Opposition" or "Opp'n") at 3–4; D.E. 19 ("Kim's Opposition" or "Kim's Opp'n") (adopting Removing Defendants' Opposition arguments as his own). DeBartolo replied, D.E. 18 ("Reply"), and this Motion is now ripe for decision.

The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b). As explained below, the Complaint asserts no federal cause of action, and while DeBartolo's NJCRA claim alleges a federal constitutional violation, it does not present a substantial federal issue sufficient for embedded federal question jurisdiction. The Court will accordingly **GRANT** the Motion and **REMAND** this action to state court.

## I. BACKGROUND

### A. DeBartolo's Employment and the Alleged Retaliation

Plaintiff DeBartolo began working for the Borough's police department in December 2000 and served as the PBA Local 45 delegate from 2019 until his retirement in August 2025. Compl. ¶¶ 7–8. Beginning in January 2023, DeBartolo worked in an administrative position, which he alleges was reserved for officers holding the rank of sergeant or above, although he remained a patrol officer. *Id.* ¶¶ 9, 15, 21. On or about February 22, 2024, DeBartolo was directed to appear at the Bergen County Prosecutor's Office ("BCPO") as a witness in an investigation concerning Kim, the Borough's Mayor. *Id.* ¶ 10. DeBartolo informed the police chief of the directive, submitted to an interview, and provided a statement to the BCPO. *Id.* ¶¶ 11–12.

In September 2024, the Borough announced openings for six sergeant positions, and in November 2024, DeBartolo interviewed for the promotion with Gardner, Beck, and Jang along with non-parties Captain James Rotondo and Councilman Suk Min. *Id.* ¶¶ 13, 16. On December

19, 2024, DeBartolo was served with an internal affairs complaint for alleged administrative misconduct sworn to by Beck. *Id.* ¶¶ 18–19. The Complaint alleges that Defendants initiated the internal affairs investigation against DeBartolo as retaliation for his participation in the BCPO investigation and to create a pretext for denying him a promotion. *Id.* ¶¶ 19–20, 33–34. On December 30, 2024, four other candidates were promoted over DeBartolo. *Id.* ¶ 21.

DeBartolo was replaced in his administrative position in January 2025 and reassigned to the detective division the following month. *Id.* ¶¶ 22–23. Around March 2025, BCPO took over the investigation into DeBartolo and determined that the allegations did not rise to the level of an internal affairs investigation. *Id.* ¶ 24. Beck was promoted around the same time, and soon thereafter, DeBartolo was reassigned to a position in the patrol division subordinate to junior officers. *Id.* ¶¶ 25–27. DeBartolo retired as a patrol officer in August 2025 and alleges that the denied promotion reduced both his compensation and pension benefits. *Id.* ¶¶ 29, 36, 41.

**B. This Action**

On December 30, 2025, DeBartolo filed this action in the Superior Court of New Jersey, Law Division, Bergen County, under Docket No. BER-L-8716-25. *See* Compl.; Notice of Removal at 1. The Complaint alleges that the named Defendants conspired to fabricate the internal investigation as pretext for denying his promotion in retaliation for DeBartolo's participation in BCPO's investigation into Kim and in violation of the CEPA and the NJCRA. Compl. ¶¶ 30–69. The Complaint's NJCRA claim in Count Three specifically alleges that the retaliatory conduct violated DeBartolo's free speech and association rights under the First Amendment, *id.* ¶ 55, while the other NJCRA claims reference DeBartolo's constitutional rights more generally, *id.* ¶¶ 48–50, 60, 64. The Complaint further claims that the Borough and Kim violated the New Jersey Wage

Payment Law (WPL) by not paying DeBartolo his full wages from January 2023 through February 2025, when he was re-assigned out of the administrative position.

On February 11, 2026, the Removing Defendants filed the Notice of Removal, invoking federal question jurisdiction under 28 U.S.C. § 1331 because Count Three of the Complaint relies on the First Amendment. Notice of Removal ¶ 2. Kim consented to removal and later answered the Complaint, denying liability and asserting crossclaims for contribution and indemnification against his co-Defendants. *Id.* ¶ 6 & Exhibit C; D.E. 6 ("Kim's Answer"). The Removing Defendants later answered the Complaint, denied Kim's crossclaims, and asserted their own crossclaims against Kim for contribution and indemnification.

DeBartolo moved to remand on May 8, 2026, the Removing Defendants responded, and the DeBartolo replied. The Motion is fully briefed and ready for a decision.

## II. LEGAL STANDARD

Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction "may arise in two ways." *Goldman v. Citigroup Global Mkts. Inc.*, 834 F.3d 242, 249 (3d Cir. 2016). *First*, a case arises under federal law when the complaint asserts a federal cause of action. *Id.* (citing *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). *Second*, federal district courts have embedded federal question jurisdiction over state-law claims that implicate significant federal issues. *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005). Under either form of federal question jurisdiction, "the party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman*, 834 F.3d at 249 (citation omitted). Put simply, "a well-pleaded complaint establishes either that federal law creates the cause of action

or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

If federal question jurisdiction exists, a defendant may remove an action from state court to the federal district court where the action is pending. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing both federal jurisdiction and compliance with the statutory removal procedures. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). "After removal, a plaintiff may move to remand the case if the removal was defective, including that removal was untimely, or the district court lacks subject matter jurisdiction." *Trinity Life Ins. Co. v. 248 Brynmore Rd LLC*, No. 23-20548, 2024 WL 3070205, at *3 (D.N.J. June 20, 2024) (citing 28 U.S.C. § 1447(c) and *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 48 (3d Cir. 1995)). Because removal implicates federalism concerns, courts strictly construe the removal statutes and resolve genuine doubts in favor of remand. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

## III. DISCUSSION

It is undisputed that the Complaint asserts no federal cause of action, and under the precedent of this district, the Removing Defendants have failed to show how this action falls within the narrow category of state law claims that allow for embedded federal question jurisdiction. Thus, as explained below, the Court concludes that federal jurisdiction is inappropriate, and accordingly, will **GRANT** DeBartolo's Motion and **REMAND** this action.

Embedded federal question jurisdiction is reserved for the "special and small category" of cases where a state law claim involves a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the

federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (summarizing the *Grable* factors). All four requirements must be satisfied. *Id.*

For purposes of the Motion, the Court assumes that Count Three necessarily raises a First Amendment issue that is actually disputed by the parties. Count Three expressly identifies the First Amendment as the source of the free speech and association rights at issue, Compl. ¶ 55, and in briefing this Motion, DeBartolo confirms that "the First Amendment was referenced because it is a component" of his NJCRA claims, Mot. at 5. Moreover, while the NJCRA also permits claims based on state constitutional rights, Count Three only references the "First Amend[ment]" and does not identify any independent basis for the NJCRA claim in the New Jersey Constitution. The Court therefore does not rest remand on the availability of an alternative state constitutional theory and assumes that the First Amendment issue is necessarily raised. *See Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 164 (3d Cir. 2014), *aff'd*, 578 U.S. 374 (2016) ("[A] claim supported by alternative theories in the complaint may not form the basis for [federal] jurisdiction unless [federal] law is essential to each.") (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988)).

Nonetheless, while the First Amendment is implicated by DeBartolo's retaliation claims, the Complaint does not raise a Federal issue that is substantial in the sense that it is "significant to the federal system as a whole." *Gunn*, 568 U.S. at 264. "[I]t takes more than a federal element to open the arising under door." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (internal quotations and citations omitted). The Supreme Court has distinguished cases falling within the "slim category" of embedded federal question jurisdiction as presenting a "nearly 'pure issue of law'" that "could be settled once and for all and thereafter would govern numerous" other cases. *Empire*, 547 U.S. at 700–01 (distinguishing *Grable*). By contrast, federal jurisdiction

does not arise where the resolution of state claims is "fact-bound and situation-specific." *Id.* at 701.

As DeBartolo rightly points out in his briefing, the courts in this district have repeatedly held that enforcing federal constitutional rights under the NJCRA "is a heavily fact[-]dependent inquiry that, while significant to the particular parties in the immediate suit, is of little importance to the operation of the federal system itself." *Mahoney v. New Jersey*, No. 21-15952, 2022 WL 17324417, at *3 (D.N.J. Nov. 29, 2022) (quoting *Pena v. Town of Kearny*, No. 13-06644, 2014 WL 1666052, at *2 (D.N.J. Apr. 25, 2014)); *Smith v. Smith*, No. 20-9120, 2020 WL 4199782, at *6 n.3 (same); *see also D'Anna v. Novartis Pharm. Corp.*, No. 08-1119, 2009 WL 1662174, at *3 (finding punitive damages claim under the New Jersey Products Liability Act presented no substantial federal issue where it did not require a "sophisticated inquiry into the meaning of FDA regulations"). DeBartolo's retaliation claims may cite to the First Amendment, but "no party contests the existence, applicability, or construction" of the U.S. Constitution, *Goldman v. Citigroup Glob. Markets Inc.*, 834 F.3d 242, 257 (3d Cir. 2016). *See* Opp'n at 3–4. Rather, the disposition of this case will depend on the application of longstanding federal precedent regarding the free speech of public employees to the specific circumstances of this case, including DeBartolo's qualifications, how the BPCO investigations unfolded, and the Defendants' various motivations. State courts are fully "competent to apply federal law, to the extent it is relevant," *Empire*, 547 U.S. at 701, and they "can be expected to hew closely to the pertinent federal precedents," *Gunn*, 568 U.S. at 262. There is thus no substantial issue of federal law on the face of the Complaint giving this Court federal question jurisdiction.

Finally, the Court finds that "expanding federal question jurisdiction to [NJCRA] disputes like this one runs the risk of 'disturbing [the] congressionally approved balance of federal and state

judicial responsibilities.'" *Goldman*, 843 F.3d at 257 (quoting *Grable*, 545 U.S. at 314). While "[s]tate courts are well equipped to address questions of federal law as they arise in the context of state-law claims," federal courts "are ill equipped to handle the flood of cases that would inevitably result from entertaining every case that may, tangentially, require an application of federal law." *D'Anna*, No. 08-1119, 2009 WL 1662174, at *3 (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 275 (1997) and *Grable*, 545 U.S. at 319). Again, New Jersey courts are fully capable of handling DeBartolo's run-of-the-mill retaliation claim brought under a New Jersey cause of action, particularly in the context of DeBartolo's other, indisputably state-law-based claims, and it is therefore unnecessary and inappropriate for this Court to take jurisdiction.

Accordingly, this action is not one of the "extremely rare exceptions" where embedded federal question jurisdiction applies. *Gunn*, 568 U.S. at 258. Because the Removing Defendants invoke no other basis for original jurisdiction, the Court lacks subject matter jurisdiction and must remand the action pursuant to 28 U.S.C. § 1447(c).

## IV. CONCLUSION AND ORDER

Accordingly,

IT IS, on this 16 day of November, 2026,

**ORDERED** that Plaintiff's Motion to Remand, D.E. 16, is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court shall **REMAND** this action to the Superior Court of New Jersey, Law Division, Bergen County, Docket No. BER-L-8716-25; and it is further

**ORDERED** that the Clerk of Court shall mail to the Clerk of the Superior Court of New Jersey, Law Division, Bergen County, a certified copy of this Memorandum Order; and it is finally

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

Evelyn Padin, U.S.D.J.